United States Courts
Southern District of Texas
FILED

JUN 2 3 2005

Michael N. Milby, Clerk

June 20, 2005

Clerk, United States District Court
Southern District of Texas, Houston Division
515 Rusk, Room 5300
Houston, Texas 77002

Re:     *Gerald Cornelius Eldridge  v. Doug Dretke, Dir., TDCJ-CID*
        **Civil Action No. 4**

        4:05-CV-1847

Dear Clerk,

Enclosed please find copies of the petitioner's state court records for the above referenced case,
which consist of eight volumes of direct appeal records and one volume of state writ records (all
contained in one box). Please indicate the date of filing on a copy of the enclosed letter and return
in the postage-paid envelope provided for your convenience.

Sincerely,

/s/ Kelli L. Weaver

KELLI L. WEAVER
Assistant Attorney General
Postconviction Litigation Division
Austin, Texas 78711
(512) 936-1400

KLW:em
Enclosures

cc:     Lee Wilson
        Garcia & Wilson
        PO Box 52447
        Houston, TX 77052-2447

VOL. I OF VIII

CCRA No. 71863

GERALD CORNELIUS FENNINGE Appellant

Charles Weber
Office

Punishment

Harris (County)

REHEARING IS

JUSTICE

MOTION PER

En Banc

January 18, 1995

Henry K. Oncken
12907 Veterans Memorial Dr
Houston, TX 77014

RE: Case No. 71,863
    178TH DISTRICT COURT - 940320

Style: ELDRIDGE, GERALD CORNELIUS

Dear Counsel:

                              ORDER
The State's Motion for Extension of time within which to file
the State's brief was granted. The time for filing the state's
brief has been extended to 4-28-95.

                              Sincerely yours,

                              Thomas Lowe, Clerk

                              By:_____
                                    Deputy


cc:  Judge Presiding
     Charles Bacarisse
     Ida Garcia
     John B. Holmes

# A F F I D A V I T

STATE OF TEXAS                §

COUNTY OF HARRIS              §

    Before me, the undersigned authority, on this day personally appeared Rikke Burke Graber, who after being duly sworn, deposed and stated:

> "I am an Assistant District Attorney for Harris County, Texas. I have read the attached Motion, and the facts and allegations contained therein are true and correct to the best of my knowledge and belief."

*Rikke Graber*

    SWORN TO AND SUBSCRIBED before me on this the <u>13th</u> day of <u>January</u>, 19<u>95</u>.

DARLA SIMPSON
Notary Public, State of Texas
My Commission Expires
12/02/97

*Darla Simpson*

NOTARY PUBLIC IN AND FOR
HARRIS COUNTY, TEXAS

September 19, 1994

Henry K. Oncken
6810 FM 1960 West
Suite 100
Houston, TX  77069

RE: Case No. 71,863
    178TH DISTRICT COURT - 940320

Style: ELDRIDGE, GERALD CORNELIUS

Dear Counsel:

                    ORDER
The appellant's motion for extension of time within which to
file the appellant's brief was granted. The time for filing the
appellant's brief has been extended to 12-15-94.


                         Sincerely yours,

                         Thomas Lowe, Clerk
                         By: _____
                              Deputy


cc:  Judge Presiding
     Katherine Tyra
     Ida Garcia
     John B. Holmes

Appellant's Brief.

V.

The record in this case consists of 31 volumes and counsel has not had sufficient time to read the entire record and to prepare an adequate brief. In addition, counsel has been preparing Appellant's Brief in Case Numbers 14-94-00223-CR and 14-94-0024-CR, in the Fourteenth Court of Appeals.

WHEREFORE, Appellant, by and through his court appointed attorney on appeal prays that this Motion be considered by the Court and that Appellant be granted an extension of time of ninety (90) days for the filing of Appellant's Brief herein.

Respectfully submitted,

ONCKEN & ONCKEN

Henry K. Oncken  TSB # 15280000
12907 Veterans Memorial Drive
Houston, Texas  77014
(713) 893-4747 - Telephone
(713) 893-1827 - Fax

SUBSCRIBED AND SWORN TO BEFORE ME by the said Henry K. Oncken on this the _15th_ day of September, 1994, to certify which witness my hand and official seal of office.

Notary Public - State of Texas

VICKI LYNN SMITH
NOTARY PUBLIC
State of Texas
Comm. Exp. 08-18-98

CAUSE NO. 71,863

| GERALD CORNELIUS ELDRIDGE | () | IN THE COURT OF CRIMINAL |
|---|---|---|
| | () | APPEALS OF THE STATE OF |
| | () | TEXAS, AT AUSTIN |
| VS. | () | AND |
| | () | IN THE DISTRICT COURT OF |
| | () | HARRIS COUNTY, TEXAS |
| THE STATE OF TEXAS | () | 178TH  JUDICIAL DISTRICT |

## MOTION FOR EXTENSION OF TIME TO
## FILE APPELLANT'S BRIEF

TO THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW GERALD CORNELIUS ELDRIDGE, Appellant in the above styled and numbered cause, by and through his undersigned appointed counsel, and files this Motion for Extension of Time to File Appellant's Brief and in support of this Motion, would show as follows:

I.

Appellant was convicted in the 178th District Court, Harris County, Texas, in cause number 940,320, styled The State of Texas vs. GERALD CORNELIUS ELDRIDGE.  The judgment is dated April 18, 1994.

II.

Appellant was convicted for the offense of capital murder and assessed a punishment of death.

III.

The present deadline for filing Appellant's Brief is September 14, 1994.  An extension of ninety (90) days is requested for the filing of said brief.

IV.

No  previous  extensions  have  been  requested  for  filing

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion for Extension of Time has been furnished to Mr. Calvin Hartman, Assistant District Attorney, Harris County District Attorney's Office, Appellate Division, 201 Fannin, Houston, Texas  77002, on this the _____ day of September, 1994.

_Henry K. Oncken_

Henry K. Oncken

3



Oncken & Oncken, P.C.
Attorneys at Law

Henry K. Oncken
Kirk J. Oncken

———— • ————

Eino Zapata, P.C.
of Counsel

September 15, 1994

**VIA FAX AND BY REGULAR MAIL**

Mr. Thomas Lowe, Clerk
Court of Criminal Appeals
Capital Station
P. O. Box 123408
Austin, Texas  78711

> Re:  Gerald Cornelius Eldridge vs.  The State of Texas; Cause
> No. 940320 in the 178th District Court, Harris County,
> Texas; Case No. 71863 in the Court of Criminal Appeals

Dear Mr. Lowe:

Enclosed for filing is the original and eleven copies of
Appellant's Motion for Extension of Time to File Appellant's Brief.
Please file stamp the extra copy and return to me in the envelope
provided.

Thank you.

Sincerely,

ONCKEN & ONCKEN, P.C.

Henry K. Oncken

HKO:vs

Enclosures

June 14, 1994

Henry K. Oncken
6810 FM 1960 West
Suite 100
Houston, TX   77069

RE: Case No. 71,863
    178TH DISTRICT COURT - 940,320

Style: ELDRIDGE, GERALD CORNELIUS

Dear Counsel:

ORDER

The Motion for extension of time to file the transcription of the Court Reporter's notes has been granted.     The time for filing said item has been extended to 8-15-94.

Sincerely yours,

Thomas Lowe, Clerk

By: _____
Deputy

cc:  Judge Presiding
     Katherine Tyra
     Ida Garcia
     John B. Holmes

Statement of Facts have been filed.

V.

In accordance with the attached affidavit of the Official Court Reporter who took the proceedings in the trial of this case, it is requested that an extension of ninety (90) days be granted for the filing of the Statement of Facts in this case.

WHEREFORE, Appellant, by and through his court appointed attorney on appeal prays that this Motion be considered by the Court and that Appellant be granted an extension of time of ninety days for the filing of the complete Statement of Facts, from June 17, 1994, to August 15, 1994.

Respectfully submitted,

ONCKEN & ONCKEN, P.C.

Henry K. Oncken
SBN 15280000
12907 Veterans Memorial Dr.
Houston, Texas 77014
(713) 893-4747 - Telephone
(713) 893-1827 - Fax

SUBSCRIBED AND SWORN TO BEFORE ME by the said Henry K. Oncken on this the 10th day of June 1994, to certify which witness my hand and official seal of office.

Notary Public - State of Texas

VICKI LYNN SMITH
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
AUG. 18, 1994

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Motion for Extension of Time has been furnished to Mr. Calvin Hartman, Assistant District Attorney, Appellate Division, 201 Fannin, Houston, Texas 77002, on this 10th day of June, 1994.

Henry K. Oncken

CAUSE NO. 940320

IN THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

AT AUSTIN

GERALD C. ELDRIDGE,                                    APPELLANT

VS.

THE STATE OF TEXAS,                                    APPELLEE

---

### COURT REPORTER'S AFFIDAVIT SUPPORTING
### APPELLANT'S REQUEST FOR EXTENSION OF TIME
### IN WHICH TO FILE STATEMENT OF FACTS

TO THE COURT OF CRIMINAL APPEALS:

COMES NOW the undersigned Official Court Reporter in the above captioned cause and request the court extend for 90 days the time in which to file the Statement of Facts until August 15th, 1994. Currently the Statement of Facts was due on the 17th day of June, 1994.

Good Cause exists for the extension of time because of the following facts:

(1) Said Court Reporter is at this time in the process to file Andre J. Sloan, capital murder trial, to be filed no later than June 14th, 1994; and

(2) Said Court Reporter thereafter is concluding the Peter Anthony Cantu, capital murder trial, extension given to July 11th, 1994; and

(3) This request for the first extension of time, if granted, should enable said court reporter to complete same.

Ida M. Garcia
178th District Court

SWORN TO AND SUBSCRIBED TO BEFORE ME, the undersigned authority on this the 8th day of June, 1994.

NOTARY PUBLIC

MARIA G. CRUZ
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
JULY 29, 1997

# KATHERINE TYRA
## HARRIS COUNTY DISTRICT CLERK

April 20, 1994

# 71863

**RECEIVED IN**
COURT OF CRIMINAL APPEALS

APR 22 1994

Thomas Lowe, Clerk

MR HENRY K ONCKEN
ATTORNEY OF RECORD
6810 FM 1960 WEST STE 100
HOUSTON TX  77069

RE: GERALD CORNELIUS ELDRIDGE
Cause No: 9403201
Court No: 178th

Dear Sir:

Notice of Appeal was filed on   April 18, 1994 Sentence was imposed on   April 18, 1994  .  This cause has been assigned to the Court of Criminal Appeals in Travis County, Texas.  Our records further indicate  Henry K. Oncken                            as attorney of record on appeal.

Sincerely,

*Raymond Posado*

Raymond Posado, Manager
Post Trial Systems, for
**KATHERINE TYRA**, District Clerk
HARRIS COUNTY,    T  E  X  A  S

RP: dr

cc:  Mr. Calvin Hartman
     Asst. District Attorney
     Appellate Division
     Harris County, Texas

     Court of Criminal Appeals

ASSIGNMENT_1

Official Court Reporter
*This is your notice to inform any and all substitute reporters in this cause.

 Ida Garcia

301 FANNIN • P.O. BOX 4651 • HOUSTON, TEXAS 77210 • (713) 755-5711

♲ *printed on recycled paper*



RE: Case No. 71,863
STYLE: ELDRIDGE, GERALD CORNELIUS
Trial Court No. 940320
Harris County, 178TH DISTRICT COURT

I have this day, **MAY 2 1 1997**, received the mandate of the
Court of Criminal Appeals in the above numbered and styled case.
RETURN CARD IMMEDIATELY.

Signature

COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITAL STATION
AUSTIN, TEXAS 78711

MAIL TO:

Mr. Troy Bennett, Clerk
Court of Criminal Appeals
P. O. Box 12308, Capitol Station
Austin, Texas 78711



TROY C. BENNETT, JR.
CLERK

RICHARD WETZEL
EXECUTIVE ADMINISTRATOR

# Court of Criminal Appeals

## State of Texas
### Box 12308
### Capitol Station
### Austin 78711

MICHAEL J. McCORMICK
PRESIDING JUDGE

CHARLES F. (CHARLIE) BAIRD
MORRIS L. OVERSTREET
LAWRENCE E. MEYERS
STEPHEN W. MANSFIELD
SHARON KELLER
TOM PRICE
SUE HOLLAND
PAUL WOMACK
JUDGES

May 9, 1997

Case No. 71,863

Trial Court No. 9403201

Styled: GERALD CORNELIUS ELDRIDGE   VS.   THE STATE OF TEXAS

Dear Clerk:

The Mandate of the Court of Criminal Appeals in the above case was issued on April 4, 1997 and mailed to your office.

Attached to the Mandate was a blue or white card. As of this date the card has not been returned to this office.

Please check your records and return the blue or white card to this office or indicate on this letter as to the status of receiving this Court's Mandate.

Thank you for your cooperation.

Sincerely,

TROY C. BENNETT, JR.
Clerk

I received the Mandate on _____ in the above case.

District Clerk
Harris County
178th District Court



THOMAS LOWE
CLERK

RICHARD WETZEL
EXECUTIVE ADMINISTRATOR

# Court of Criminal Appeals

## State of Texas
### Box 12308
### Capitol Station
### Austin 78711

MICHAEL J. McCORMICK
PRESIDING JUDGE

SAM HOUSTON CLINTON
BILL WHITE
CHARLES F. (CHARLIE) BAIRD
MORRIS L. OVERSTREET
FRANK MALONEY
LAWRENCE E. MEYERS
STEPHEN W. MANSFIELD
SHARON KELLER
JUDGES

May 1, 1995

Mr. Henry K. Oncken
Attorney at Law
12907 Veterans Memorial Dr.
Houston, Tx  77014

Mr. John B. Holmes
District Attorney
201 Fannin, Ste 200
Houston, Tx  77002

Case No. 71,863
Trial Court No. 9403201

STYLED: GERALD CORNELIUS ELDRIDGE  VS.  STATE OF TEXAS

Dear Counselors:

The above case is set for submission to the Court on WEDNESDAY,
June 14, 1995 at 9:00 A. M.

ORAL ARGUMENT WILL BE PERMITTED. However, all parties shall notify
the Clerk of this Court, in writing, within 30 days after the date
of this notice, whether or not oral argument is desired.  Failure
to request oral argument constitutes waiver thereof.

If oral argument is requested, please indicate the grounds of error
to be argued.

PREVIOUSLY REQUESTED ORAL ARGUMENT ON BRIEFS OR PLEADINGS IS NOT
SUFFICIENT.



============================================================

IN THE COURT OF CRIMINAL APPEALS

FOR THE STATE OF TEXAS

============================================================


============================================================

GERALD C. ELDRIDGE
Appellant

**FILED IN**
COURT OF CRIMINAL APPEALS

FEB 1 8 1997

Troy C. Bennett, Jr., Clerk

Vs.                          No. 71,863

STATE OF TEXAS
Appellee

============================================================


============================================================

On Appeal From The 178th Criminal District Court
Of Harris County, Texas, Cause Number 9403201,
The Honorable Bill Harmon, Judge Presiding

============================================================


============================================================

**APPELLANT'S MOTION FOR REHEARING AND TO PUBLISH**

============================================================

GERALD C. ELDRIDGE
TDCJ-ID No. 999,108
Ellis Unit One D/R
Huntsville, Texas 77343
Tel. (409) 295-5756

*<u>PRO SE COUNSEL</u>

supporting a jury's negative answer to the Article 37.071, §2(e) special issue, are submitted here as deserving of reconsideration.

This Court's finding that its inability to effectuate Article 44.251 in relation to the second special issue does not however make article 37.071 §2(e) constitutionally infirm, that it conducts legal sufficiency reviews of a guilty verdict and of the first special issue, and that it does not think that the constitution requires any further appellate review of article 37.071 §2(e) is in error and illustrates a grave flaw in this Court's review of capital punishment cases. Hence it's review of this case effectively denies defendants a meaningful appellate review and is a clear breach of this Court's duty to insure that the death penalty is not wantonly and freakishly imposed. <u>See</u>: <u>Eldridge v. State</u>, No. 71, 863, slip Op. (November 20, 1996) and is attached hereto as "Attachment 1".

The grave issues presented compel reconsideration by this Court.

In Points of Error three and four of his direct appeal brief, Mr. Eldridge submitted that Texas' capital sentencing scheme is unconstitutional because it does not permit a meaningful appellate review of the sufficiency of the evidence supporting a negative response to Article 37.071 §2(e) special issue as required by Article 44.251. Mr. Eldridge also contended that it violates the prerequisite to a constitutionally implemented capital sentencing scheme by making it impossible for an appellate court to rationally review the process for imposing the sentence of death. This Court held we have never regarded a mitigation sufficiency review as a prerequisite to the constitutionally of Article 37.071. Eldridge v. State, No. 71,863, slip op. at 8 (Tex.Cr. App. November 20, 1996).

**B. ARGUMENT**

In this case this Court summarily holds, "[o]ur inability to effectuate Article 44.251 in relation to the second special issue does not, however, make Article 37.071 §2(e) constitutionally infirm. We conduct legal sufficiency reviews of a guilty verdict and of the first special issue. We do not think that the constitution requires any further appellate review of Article 37.071 §2(e)." Id. at 10.

This Court failed to recognize the unique seriousness of such a capital sentencing proceeding, because the United States Supreme Court calls it a "reasoned moral response," Penry v. Lynaugh, 109 S.Ct. 2934, 2948 (1989), and ordered

life sentence. We cannot say that evidence is mitigating as a matter of law any more than we can say, in a non-capital case, that the evidence is insufficient to support a twenty year sentence, or that the great weight and preponderance of the evidence establishes that the proper sentence would have been ten years, probated. As We state above, there is simply no way for an appellate court to review the jury's normative judgment that the evidence did or did not warrant a life sentence."

Eldridge v. State, No. 71,863, slip op. at 9 (Tex.Cr.App. November 20, 1996)

It is apparent that this Court has also failed to implement a branch of logic concerned with the application of the principles of reasoning to a qualitative difference. Woodson v. North Carolina, supra, 96 S.Ct., at 2991 (1976), illustrates this attitude. In this case, the Supreme Court has repeatedly acknowledge that the Constitution requires stricter adherence to procedure safeguards in a capital case than in other cases. In the plurality opinion, the Supreme Court held "The penalty of death is qualitatively different from a sentence of imprisonment, however long. Death, in its finality, differs more from life imprisonment than a 100-year prison term differs from one of only a year or two. Because of that qualitative difference, there is a corresponding difference in the need for reliability in the determination that death is the appropriate punishment in a specific case."

Amended Vernon's Ann. C.C.P., Art. 37.071 §2(e) is the statutory codification of the "Penry" special issue espoused in the case of Penry v. Lynaugh, 109 S.Ct. 2934 (1989). This issue is the pivotal issue in Texas capital cases for

O'CONNOR has noted, a sentencing judge's failure to consider relevant aspects of a defendant's character and background creates such an unacceptable risk that the death penalty was unconstitutionally imposed that "the interest of justice" may impose on reviewing courts a duty to remand the case for resentencing. Id. at 877. Consequently, the Texas capital sentencing statute is unconstitutional under the Eighth and Fourteenth Amendments to the United States Constitution, and since Mr. Eldridge's punishment was predicated upon such statute, he respectfully requests this Court reconsider its findings on his issues.

# V E R I F I C A T I O N

I, Gerald C. Eldridge, TDC No. 999108, being presently incarcerated in the ELLIS ONE UNIT OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE - INSTITUTIONAL DIVISION, in WALKER COUNTY, TEXAS, verifies under the penalty of perjury that I'am the Appellant in the above styled cause; and, that I have read the foregoing Appellant's Pro Se Motion for Rehearing; and, that each and every statement contained therein is within my personal knowledge and true and correct. Pursuant to Section 132.003 of the Texas Civil Practice and Remedies Code, and Title 28 U.S.C.A. § 1746.

Executed on this <u>13th</u> day of <u>February</u>, 1997.

*Gerald C. Eldridge*

Gerald C. Eldridge

"ATTACHMENT NO. 1"

January 27, 1997

Henry K. Oncken
13700 Veterans Memorial Dr
SUITE 140
Houston, TX 77014

RE: Case No. 71,863
    178TH DISTRICT COURT - 940320

Style: ELDRIDGE, GERALD CORNELIUS

Dear Counsel:

ORDER: The Appellant's pro se Motion for Extension of time to
file the Appellant's pro se Motion for Rehearing has been
granted. The time for filing the Appellant's pro se Motion for
Rehearing has been extended to 2-18-97.
SPECIAL NOTE:   NO FURTHER MOTIONS FOR EXTENSIONS WILL BE
ENTERTAINED.

                        Sincerely yours,

                        Troy C. Bennett, Jr., Clerk
                        By: _____
                            Deputy

cc:  Judge Presiding
     Charles Bacarisse
     John B. Holmes

practicable, I sought to be represented by counsel on a motion for rehearing --because Henry K Oncken who represented me on direct appeal review was no longer willing to continue representing me-- by filing a Pro Se Motion For Appointment Of Counsel in the trial court. However, the trial court took no action on this Pro Se Motion, but rather issued an order and instructing its district clerk to notify me that Henry K. Oncken will be representing me on a motion for rehearing.

E. This Court issued an order on January 8, 1997, stating that: "The Appellant's pro se Motion for Extension of time to file the Appellant's pro se Motion for Rehearing has been granted. The time for filing the Appellant's pro se Motion for Rehearing has been extended to 2-6-97." (I did not receive a copy of the official notice from this Court until January 17, 1997. Mr. Oncken he enclosed a copy of the official notice from this Court in his letter to me).

F. I have chose to proceed to represent myself in order to prepare and file a Pro Se Motion For Rehearing with this Court. In this regard, I am only a layman with a limited knowledge in the law and the issues involved in this case are complex and the prison limits the hours that I may have access to the prison library and the law materials contained there are very limited.[1]

---

[1]Death Row Inmates are not allowed to visit the prison library, but rather we have a very limited access to the law library via requesting up to five law books per day, seven days a week, in two days advanced. And the reliability in receiving the correct books are poor.

# V E R I F I C A T I O N

"I, ELDRIDGE, GERALD CORNELIUS, TDC No.#999,108, being presently incarcerated in the ELLIS ONE UNIT of TEXAS DEPARTMENT OF CRIMINAL-Institutional Division, in Walker County, Huntsville, Texas, verify or certify under penalty of perjury that I read the above and foregoing, know the contents therein, and believe APPELLANT'S THIRD PRO SE MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR REHEARING ON DIRECT APPEAL to be true and correct pursuant to Title 6, § 132.003 Texas Civil Practices and Remedies Code, and 28 U.S.C.A. § 1746.

Executed this _24_ day of ___JANUARY___, 1997.


_Gerald C. Eldridge_
GERALD C. ELDRIDGE

APRIL 27, 1997

TO: COURT OF CRIMINAL APPEALS OF TEXAS
   BOX 12308
   CAPITOL STATION
   AUSTIN, TEXAS 78711

14-C7

GERALD C. ELDRIDGE -VS- THE STATE OF TEXAS

APPEAL CASE NO. 71,863
TRIAL CASE NO. 9403201-A

   I WANT THIS LETTER TO BE ADDED TO THE
FILE OF THE ABOVE MR. ELDRIDGE., THIS LETTER
IS TO LET THE COURT KNOW THAT MR. ELDRIDGE,
WAS FORCED BY A TEXAS DEPARTMENT OF CRIMINAL
JUSTICE INSTITUTIONAL DIVISION OFFICER TO
SIGN HIS NAME, MR. ELDRIDGE, SAID NO!, HE NEEDED
TO TALK WITH HIS ATTORNEY FIRST BECAUSE HE
SPEAKING OF MR. ELDRIDGE, CAN NOT READ NOR WRITE
AND WAS TOLD BY THE OFFICER, MR. ELDRIDGE,
YOU WILL NOT BE ALLOW TO SEE OR TALK TO
YOUR ATTORNEY, NOW SIGN.
   THANK YOU FOR YOUR HELP!

                    X: Gerald Eldridge
                       GERALD ELDRIDGE #999108
                       ELLIS ONE UNIT
                       HUNTSVILLE, TEXAS 77343

LEGAL MALL

GERALD G. ELDRIDGE
#999108
ELLIS ONE UNIT
HUNTSVILLE, TEXAS
77343

HOUSTON, TX 773
PM
07 JUN
1999

TO: TROY C. BENNETT, JR. CLERK
COURT OF CRIMINAL APPEALS OF TEXAS
BOX 12308
CAPITOL STATION
AUSTIN, TEXAS 78711

78711+23508

LEGAL MAIL

MARCH 08, 1998

TO: TROY C. BENNETT, JR., CLERK
     COURT OF CRIMINAL APPEALS OF TEXAS
     BOX 12308
     CAPITOL STATION
     AUSTIN, TEXAS 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAR 16 1998
TROY C. BENNETT, JR., CLERK

RE: GERALD C. ELDRIDGE -VS- THE STATE OF TEXAS
     TRIAL CAUSE NO. 9403201
     APPEAL CASE NO. 71,863


       ATTORNEY LEE WILSON, DON'T DO ANYTHING
IN THIS CASE, WILL NOT HAND OVER LEGAL
WORK AND WILL NOT ANSWER ANY LETTER'S.
MR. ELDRIDGE, NEED'S TO KNOW IF MR. WILSON,
HAVE FILED A STATE WRIT OF HABEAS CORPUS
IN MR. ELDRIDGE CASE BECAUSE MR. WILSON,
WILL NOT SAY.
     WE ARE LOOKING FORWARD TO YOUR ANSWER.
THANK YOU AND TAKE CARE.


                         Gerald Eldridge
                         GERALD ELDRIDGE
                         #999108
                         ELLIS ONE UNIT
                         HUNTSVILLE, TEXAS
                                  77343

GERALD C. ELDRIDGE
#999,108
ELLIS ONE UNIT
HUNTSVILLE, TEXAS
77343

LEGAL MAIL

78711/3399

TO: TROY C. BENNETT, JR., CLERK
COURT OF CRIMINAL APPEALS OF TEXAS
BOX 12308
CAPITOL STATION
AUSTIN, TEXAS 78711



# 71863

PAGE -1

GERALD C. ELDRIDGE
APPELLANT - PRO SE
T.D.C. NO. 999108
ELLIS ONE UNIT
HUNTSVILLE, TEXAS
77343

MARCH 20, 1998

HARRIS COUNTY DISTRICT CLERK'S OFFICE
301 FANNIN STREET
P.O. BOX 4651
HOUSTON, TEXAS 77210

RE: GERALD C. ELDRIDGE -VS.- THE STATE OF TEXAS
   TRIAL CASE NO. 9403201
   APPEAL CASE NO. 71,863

   DEAR CLERK,

PLEASE FIND ENCLOSED HEREWITH TO BE FILED
AMONG THE PAPERS IN THE ABOVE REFERENCED CASE,
THE FOLLOWING PRO-SE SUBLIMENTARY BRIEF IN
THE FORM OF A LETTER:

   1. REQUEST COURT TO KEEP SUBLIMENTARY BRIEF
   ERROR'S ALIVE AND ADD THE ERROR'S TO THE
   APPELLANT STATE WRIT OF HABEAS CORPUS.

I HEREBY RESPECTFULLY REQUEST THAT YOU BRING
THIS SUBLIMENTARY BRIEF IN THE FORM OF A LETTER,
TO THE COURTS ATTENTION AS SOON AS REASONABLY
POSSIBLE, AND TO GIVE ME NOTICE OF RECEIVING
AND FILING OF SAME.

YOUR ASSISTANCE IN THIS MATTER WOULD BE
GREATLY APPRECIATED, THANK YOU!

                    VERY TRULY YOURS,

                    Gerald C. Eldridge
                    GERALD C. ELDRIDGE

SO THE TEXAS C.C.A. WILL HAVE THIS ON FILE.

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 1 3 1998

Troy C. Bennett, Jr., Clerk

THE SUBLIMENTARY BRIEF IS TO MAKE THE COURT'S AWARE OF SOME OF THE ERROR'S THE APPELLANT, WANT'S AND DEMANDED BE IN HIS STATE WRIT OF HABEAS CORPUS, THE SIXTH AMENDMENT GUARANTEES THE APPELLANT RIGHT TO CONTROL AND PARTICIPATE IN THIS DEFENSE, MR. ELDRIDGE, IS BEING DENIED HIS SIXTH AMENDMENT, ALSO BEING DENIED HIS UNITED STATES 8TH AMENDMENT, AND THE TEXAS CONSTITUTION ARTICLE 13.

## II.

1.-MR. LEE WILSON, ATTORNEY AT LAW REFUSE TO TELL THE APPELLANT THE OTHER ATTORNEY NAME WHO HE IS WORKING WITH ON THIS CASE.

2.-MR. WILSON;
  A.-REFUSE TO LET THE APPELLANT KNOW THE INVESTIGATOR NAME.
  B.-REFUSE TO LET THE APPELLANT SEE OR HARE A COPY OF THE INVESTIGATOR REPORT'S.
  C.-REFUSE TO INVESTIGATE THE APPELLANT SIDE OF THE CASE.

3.-MR. WILSON;
  A.-REFUSE TO FILE THE MOTION'S THE APPELLANT DEMANDED!

Any attorney working on this cause needs to do the following:

A.   File an <u>APPELLANT EX PARTY MOTION FOR EXPERT ASSISTANCE,</u>

Asking for the following:

1.   Investigator

2.   Expert assistance on "out" and "in" court identification.

3.   Expert assistance on jury selecting.

4.   Psychologist expert assistance.

5.   Expert assistance on ineffective assistance counsel.

B.   Brief in support of appellant ex party motion for expert

assistance under Article 11.071, Section 3.

C.   Putting the errors in the appellant's State Writ, that he is

trying to get all to understand what went on in his cause.

D.   Give the Appellant, knowledge of what is being filed in his

cause before being filed, giving the Appellant time to go

over the legal work and then put h is signature on a

verification form.

We are talking about a human being's life who can prove his

innocence without a doubt given a chance.  Attorney filing

anything in this cause without the knowledge of the Appellant,

without a full investigation, getting the statement's from all

F.   Defendant, stroked 4 jurors before they before they could
     be agreed to and be seated on the jury.  The defendant
     stroked the jurors out loud so the judge could hear this
     and it would be on record.  The Defendant told the judge
     he had the right to control and participate in his defense
     under the sixth amendment.  The attorneys then told the
     judge to put the jurors that the defendant strike on the
     jury anyway and the judge did so.

G.   Attorneys wouldn't cross examine jurors with the questions
     the defendant wanted and the defendant was told by the
     judge, he couldn't pick his jury, it was up to the
     attorneys so the defendant told the judge, he had a
     conflict of interest with the attorneys and with what the
     judge was saying, this is a conspiracy.

H.   Attorneys wouldn't and didn't call the defendant witnesses;
     Branana Brown and her mother Ms Brown, O.W. Rogers, Jean,
     Yarva, Michelle Mayon, Mr. Phillips, (a man the defendant
     worked for.), Defendant's parole officer (the **REAL ONE**),
     Darrell Obey, and his wife Mrs. Obey.

I.   The four witnesses shown below can prove without a doubt my
     innocence!, we were all together at the time of the murders
     and the attorneys wouldn't and didn't call them as witnes-
     ses:  Oscar, Oscar's father, father's girlfriend  brother.

C.   Affidavit gave by state witnesses before trial will
     show the witnesses say something totally different
     in trial once they talk to prosecutors and Walter
     Wayne Dotson said on a affidavit it was not the
     defendant.

D.   Prosecutors led state witnesses on the stand.

E.   Prosecution knows of paper work that would show the
     defendant not to be a child abuser and the deceased,
     Cynthia Bogany filed this with Harris County District
     Court, Courtroom 335, Houston, Texas, in 1990.

F.   The coroner was not a witness to the autopsy, but got
     on the stand and gave testimony to what happened at
     the autopsy.

G.   The indictment against the defendant is false because
     the deceased name is wrong.

H.   Defendant's picture was seen by and given to state
     witnesses before the defendant was put in a listup.

I.   State said the person who killed the deceased was in
     height six feet and the weight was 200 pounds.  The
     prosecution told state witnesses to say the defendant
     looked the same as an old picture from the year 1982,
     at that time the defendant was in height 5' 10",

E.  When it was time for oral argument the attorney wrote and told the defendant that he made up his mind not to do the oral argument and then said he was no longer on the defendant cause.

F.  Appellate attorney, Henry K. Oncken, was no longer on the defendant cause and tried to file a motion for rehearing on the defendant's behalf without the defendant's knowledge.  Defendant filed a motion with a copy of the attorney's letter saying he was no longer on the defendant's cause, to stop the wrong doing by the attorney.  The court would not appoint counsel so the defendant had to file a Pro-se Motion for rehearing.

## VERIFICATION

I Gerald C. Eldridge, TDC No., 999108, being presently in-
carcerated in the Ellis One Unit of the Texas Department of
criminal Justice Institutional Division, in Walker County,
Texas, verifies under the penalty of perjury that I am the
Appellant in the above styled cause; and that  have read the
foregoing letter, the letter is to bring attention to what
the defendant, wants the appeal attorney to put in the defen-
dant's Writ of Habeas Corpus, and, that each and every statement
contained therein is with in my personal knowledge and true and
correct, pursuant to section 132,003 of the Texas Civil practice
and remedies code, and Title 28 U.S.C.A. % 1746.


Executed on This _20_ Day of _MARCH_ 1997

*Gerald C. Eldridge*

GERALD C. ELDRIDGE
APPELLANT
TDC NO. 999108
Ellis One Unit
Huntsville, Texas

77343

# INDEX OF AUTHORITIES

**Cases**                                                                    **Page**

Andrade v. State,
    700 S.W.2d 585 (Tex. Crim. App. 1985),
    <u>cert. denied</u>, 106 S.Ct. 1524 (1986)  . . . . . . . . . .  13

Arnold v. State,
    873 S.W.2d 27 (Tex. Crim. App. 1993),
    <u>cert. denied</u>, 115 S.Ct. 103 (1994) . . . . . . . . .  14, 18

Barnes v. State,
    876 S.W.2d 316 (Tex. Crim. App. 1994)  . . . . . . . .  17

Boykin v. State,
    818 S.W.2d 782 (Tex. Crim. App. 1991)  . . . . . . . . .  9

Burns v. State,
    761 S.W.2d 353 (Tex. Crim. app. 1988)  . . . . . . . . .  16

California v. Ramos,
    463 U.S. 992 (1983)  . . . . . . . . . . . . . . . . .  12

Clark v. State,
    881 S.W.2d 682 (Tex. Crim. App. 1994)  . . . . . . . .  8, 9

Davis v. State,
    782 S.W.2d 211 (Tex. Crim. App. 1989)  . . . . . . . . .  18

Draughon v. State,
    831 S.W.2d 331 (Tex. Crim. App. 1992)  . . . . . . . . .  19

Elliott v. State,
    858 S.W.2d 478 (Tex. Crim. App. 1993)  . . . . . . .  12, 14

Emery v. State,
    881 S.W.2d 702 (Tex. Crim. App. 1994)  . . . . . . . . .  20

Hathorn v. State,
    848 S.W.2d 101 (Tex. Crim. App. 1992)  . . . . . . . . .  19

Havard v. State,
    800 S.W.2d 195 (Tex. Crim. App. 1989)  . . . . . . . . .  7

Heitman v. State,
    815 S.W.2d 681 (Tex. Crim. App. 1991)  . . . . . . . . .  14

Hernandez v. State,
    861 S.W.2d 908 (Tex. Crim. App. 1993)  . . . . . . . . .  8

Janecka v. State,
    823 S.W.2d 232 (Tex. Crim. App. 1992)  . . . . . . . . .  7

**Cases, cont'd**                                                    **Page**

**Sterling v. State,**
    830 S.W.2d 114 (Tex. Crim. App. 1992) . . . . . . . . . 18

**Vuong v. State,**
    830 S.W.2d 929 (Tex. Crim. App.),
    cert. denied, 113 S.Ct. 595 (1992) . . . . . . . . . . 15

**Walton v. Arizona,**
    497 U.S. 639 (1990) . . . . . . . . . . . . . . . . . . 17


**Statutes**                                                         **Page**

TEX. CODE CRIM. P. ANN. art. 37.071, § 2
    (Vernon Supp. 1995) . . . . . . . . . . . . 7, 15, 16, 17


**Rules**                                                            **Page**

TEX. R. APP. P. 52 . . . . . . . . . . . . . . . . . . . . 7

TEX. R. APP. P. 74 . . . . . . . . . . . . . . . . . . . . 1

TEX. R. CRIM. EVID. 103 . . . . . . . . . . . . . . . . . 7


**Miscellaneous**                                                    **Page**

TEX. CONST. art. I, § 10 . . . . . . . . . . . . . . . . 13, 18

TEX. CONST. art. I, § 13 . . . . . . . . . . . . . . . . . 18

TEX. CONST. art. I, § 19 . . . . . . . . . . . . . . . . . 18

U.S. CONST. amend. VI . . . . . . . . . . . . . . . . . . 13

U.S. CONST. amend. VIII . . . . . . . . . . . . . . 11, 12, 18

U.S. CONST. amend. XIV . . . . . . . . . . . . . . . . 10, 18