# United States District Court
# Southern District of Texas

Case Number: __OSCV 1847__

## ATTACHMENT

Description:

☐ State Court Record       ☑ State Court Record Continued

☐ Administrative Record

☑ Document continued - Part __5__ of _____

☐ Exhibit to: _____
              number(s) / letter(s) _____

Other: _____

_____

_____

IV.

A subpoena for production of documents is also quashable when the Requesting Party fails to satisfy the requisite test for production of such documents. "[I]n order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general `fishing expedition.'" United States v. Nixon, 418 U.S. 683, 699-700, 94 S.Ct. 3090, 3103 (1974); see also United States v. Bearden, 423 F.2d 805, 810 (5th Cir. 1970). Unless the parties in this case make such a showing, the subpoena duces tecum must be quashed.

V.

In the alternative, the Texas Department of Criminal Justice, Pardons and Paroles Division would request that this Court examine the records in camera, after the Requesting Party has satisfied the Nixon test, and turn over to the Requesting Party only those portions of the records it deems relevant. See e.g., Pennsylvania v. Ritchie, 480 U.S. 39, 107 S.Ct. 989 (1987); see also United States v. Nixon, 777 F.2d 958 (5th Cir. 1985). In Ritchie, the Court deemed an in camera inspection conducive to a proper balancing of a criminal defendant's interest in a fair trial and the State of Pennsylvania's interest in preserving the confidentiality of its child abuse

000050

## CERTIFICATE OF SERVICE

I, WILLIAM R. HUBBARTH, Staff Counsel, Texas Department of Criminal Justice, Pardons and Paroles Division, do hereby certify that one true and correct copy of the above and foregoing Motion to Quash Subpoena or, in the Alternative, to Allow In Camera Inspection Only of Confidential Subpoenaed Records has been served by U.S. Mail Service, to Elsa R. Alcala, Assistant District Attorney, 201 Fannin Street, Suite 200, Houston, Texas 77002-1901 (713) 755-6916 this the 17th day of February, 1994.

WILLIAM R. HUBBARTH
Staff Counsel

IN THE 178th DISTRICT COURT OF

HARRIS COUNTY, TEXAS

| | | |
|---|---|---|
| THE STATE OF TEXAS | X | |
| | X | |
| | X | |
| VS. | X | NO. 653189 |
| | X | |
| GERALD CORNELIUS ELDRIDGE | X | |

## ORDER

Be it remembered on this _____ day of _____,
1994, came on to be heard Movant's Motion to Quash Subpoena or,
in the Alternative, to Allow in Camera Inspection Only of
Confidential Subpoenaed Records, and the Court after considering
the pleadings of the parties filed herein, is of the opinion
that the following order should issue:

(1)  It is hereby ORDERED, ADJUDGED, and DECREED that
Movant's Motion to Quash Subpoena be, and it is hereby

_____.

(2)  It is hereby ORDERED, ADJUDGED, and DECREED that
Movant's Motion, in the Alternative, to Allow In Camera
Inspection Only of Confidential Subpoenaed Records be, and it is
hereby _____.

SIGNED and ENTERED on this the _____ day of _____,
1994, at _____, Texas.


_____
DISTRICT JUDGE



OFFICIAL BUSINESS
STATE OF TEXAS

William R. Hubbarth, Staff Counsel
Texas Department of Criminal Justice
Pardons and Paroles Division
8610 Shoal Creek Blvd.
P. O. Box 13401, Capitol Station
Austin, Texas 78711

Katherine Tyra
District Clerk
178th District COurt
P. O. Box 4651
Houston, Texas 77210

000056

## IV.

The Court Should Appoint a New Counsel to Act in behalf of the Defendant in order that he is Assured the Reasonably Effective Assistance of Counsel that he is Entitled to.

Wherefore, Premises Considered, Defendant prays that this Court Dismiss Crawford As Defendant's Counsel and Appoint a New Counsel to Act in Behalf of Defendant.

FILED
KATHERINE TYRA
District Clerk
APR 12 1994
Time: 10:10 AM
Harris County, Texas
By _____ Deputy

*Gerald C. Eldridge*
Defendant Pro se

" I, Gerald Cornelius Eldridge, # 651025 from the Harris County Jail, Harris County, Texas., Declare under Penalty of perjury that the foregoing is true And Correct. "

Executed on April 4 , 1994    *Gerald C. Eldridge*
Defendant

## Order

On this 12 day of April , 1994 , Came to Be heard Defendant's Motion To Dismiss Court Appointed Attorney And Appoint New Counsel To Act On Behalf of Defendant, And After Due Consideration, it is the Decision of this Court that this Motion be:

Granted _____    (Denied)

*William Harmon*
Judge Presiding

RECORDER'S MEMORANDUM:
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

the Law Guaranteed him by the Fourteenth Amendment to the United States Constitution.

## III.

The Defendant would further Show the Court that he has Attached a Written Order, for the Court's Convenience, to all Written Motions filed before this Court.

## IV.

This Motion is Not a Request for the Court to make Written Findings of Fact And Conclusions of Law on All written Motions filed by the Defendant.

## Prayer

Wherefore, Premises Considered, the Defendant Respectfully Prays the Court Grant this Motion in All things, And thereby make a Written Ruling on Any And All Motions filed before said Court on behalf of Said Defendant in Order to Ensure that An Appellate Court Can Identify each Specific Ruling on each Particular Motion, thereby Guaranteeing that the Defendant Will Recieved Adequate Appellate Review of each of the Said Afore mentioned Rulings Made by this Court, Should An Appeal become Necessary.

Respectfully Submitted,

Gerald E. Eldridge

Defendant

**F I L E D**

KATHERINE TYRA
District Clerk

APR 12 1994

Time: 10:10 AM

Harris County, Texas

By _____
Deputy

000060

OFFENSE: Capital murder

CAUSE NO. 653189

COUNT NO. 1

THE STATE OF TEXAS

IN THE _178_ DISTRICT COURT

VS. Gerald Eldridge

OF

HARRIS COUNTY, TEXAS

## MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the State of Texas by and through her District Attorney, and respectfully requests the Court to dismiss the above entitled and numbered criminal action for the following reason:

- ☐ The Defendant was convicted in another case or count.
- ☐ In custody elsewhere.
- ☐ Old case, no arrest.
- ☐ Missing witness.
- ☐ Request of complaining witness.
- ☐ Motion to suppress granted.
- ☐ Co-Defendant tried, this Defendant testify.
- ☐ Insufficient evidence.
- ☐ Co-Defendant convicted, insufficient evidence this Defendant.
- ☒ Case refiled.
- ☐ Other.  # 9403201

EXPLANATION:

**F I L E D**
KATHERINE TYRA
District Clerk

APR 19 1994

Time: 9:45A
Harris County, Texas

By _____
Deputy

**RECORDER'S MEMORANDUM:**
This instrument is of poor quality and not satisfactory for photographic recordation; and/or alterations were present at the time of filming.

WHEREFORE, PREMISES CONSIDERED, it is requested that the above entitled and numbered cause be dismissed.

Respectfully submitted,

Elsa Alcala

Assistant District Attorney
Harris County, Texas

## ORDER

The foregoing motion having been presented to me on this the _19_ day of _April_, A.D. 19_94_, and the same having been considered, it is, therefore, ORDERED, ADJUDGED and DECREED that said above entitled and numbered cause be and the same is hereby dismissed.

_____
JUDGE
_178th_ _____ DISTRICT COURT
HARRIS COUNTY, TEXAS

000062

Original - White     State's Copy - Pink     Sheriff's Copy - Yellow

000064

OCT. 4 1988

THE DEFENDANT, _Eldridge_ APPEARS
IN PERSON WITH COUNSEL, _Bruce Armstrong_

12-6-93 — _[handwritten notes]_

12-10-93 — _[handwritten notes]_

APR. 1 9 1994 STATE'S MOTION TO DISMISS FILED AND GRANTED.

CAUSE NO. 674934

THE STATE OF TEXAS | IN THE 178th DISTRICT COURT

VS. | OF

GERALD EIDRIDGE | HARRIS COUNTY, TEXAS
DEFENDANT

## MOTION FOR PSYCHIATRIC EXAMINATION: SANITY

Now Comes, The State of Texas, by and through it's Assistant District Attorney, and/or the undersigned Attorney for the above-named defendant, and moves this Court to order that the Harris County Forensic Psychiatric Services conduct a psychiatric examination to determine the defendant's **sanity** at the time of the offense pursuant to Art. 46.03, Texas Code of Criminal Procedure.

The defendant is charged by indictment/information with the felony offense of _CAPITAL MURDER_ alleged to have been commited on the _4th_ day of _January_, 19_93_.

This motion for an examination is requested for the following reasons;

_The Defense has filed notice of Insanity. Defendant needs to be seen to update his mental status for purposes of trial._

Wherefore, premises considered, the _State of Texas_ prays that this motion be granted.

ATTORNEY FOR THE DEFENDANT

_Donna Goode_
ASSISTANT DISTRICT ATTORNEY
HARRIS COUNTY, TEXAS

DATE _9, 28, 93_

F I L E D
KATHERINE TYRA
District Clerk

SEP 2 8 1993

Time: _10:50_
Harris County, Texas
By _____ Deputy

000066

CAUSE NO. 674934

THE STATE OF TEXAS

VS.

Gerald Eldridge

DEFENDANT

IN THE 178 DISTRICT COURT

OF

HARRIS COUNTY, TEXAS

## MOTION FOR PSYCHIATRIC EXAMINATION: COMPETENCY

NOW Comes, The State of Texas, by and through it's Assistant District Attorney, and/or the undersigned Attorney for the above-named defendant, and moves this Court to order that the Harris County Forensic Psychiatric Services conduct a psychiatric examination to determine the defendant's present **competency** to stand trial pursuant to Art. 46.02, Texas Code of Criminal Procedure.

The defendant is charged by indictment/information with the felony offense of _CAPITAL MURDER_ alleged to have been committed on the _4th_ day of _January_, 19_93_.

This motion for an examination is requested for the following reasons;

_The Defense has filed notice of Insanity Defendant needs to be Seen to update his mental Status for purposes of trial_

Wherefore, premises considered, the _State of Texas_ prays that this motion be granted.

ATTORNEY FOR THE DEFENDANT

_Donna Gode_

ASSISTANT DISTRICT ATTORNEY
HARRIS COUNTY, TEXAS

9 / 28 / 93
DATE

F I L E D
KATHERINE TYRA
District Clerk

SEP 2 8 1993

Time: 10:50

Harris County, Texas

By _____
Deputy

000068

WRIT TO SERVE COPY OF VENIREMEN FOR THE WEEK BEGINNING
OCTOBER 4, 1993

FILED: OCTOBER 2, 1993

5D1 / JA00    SPNM15P 25                    16/R14998 Jr

NO. ___674934___

THE STATE OF TEXAS                IN THE ___178TH___ DISTRICT COURT

COUNTY OF HARRIS                  AUGUST_____ TERM, A.D. 19_93_

THE STATE OF TEXAS

To the Sheriff of Harris County, Greetings:

    YOU ARE HEREBY COMMANDED to deliver forthwith to ___GERALD CORNELIUS ELDRIDGE___
_____ in person, the
accompanying Certified Copy of the list of persons to serve as Veniremen, for the
week beginning ___October 4,_____, A.D. 19_93_ and including persons
summoned as Veniremen for _____October 4,_____, A.D. 19_93_ through
_October 8,_____, A.D. 19_93_, and being set for trial on the docket
of said Court in Cause No._674934_____ wherein THE STATE OF TEXAS is
Plaintiff and ___GERALD CORNELIUS ELDRIDGE_____
is defendant.

    Herein Fail Not, but of this Writ make due return, showing how you have
executed the same.

    WITNESS my hand and seal of office, at Houston Texas, this ___30TH___ day of
_SEPTEMBER_____, A.D. 19_93_.

                                       KATHERINE TYRA, DISTRICT CLERK
                                       HARRIS COUNTY, T E X A S

                                       By:_____, Deputy

====================================================================

SHERIFF'S RETURN

Came to hand _30_ day of _September_, 19_93_ and executed _30_ day of
_September_____, 19_93_. By delivering to _____
_Gerald Cornelius Eldridge_____the within named
defendant, a certified copy of Veniremen, accompanying this writ.

Johnny Klevenhagen, Sheriff
Harris County, Texas

By:_____, Sgt.____, Deputy

FILED
KATHERINE TYRA
DISTRICT CLERK
HARRIS COUNTY, TEXAS

93 OCT 2 AH 5: 06

BY_____ DEPUTY

000070
C24088   02-24-92

SANITY EVALUATION

FILED: OCTOBER 18, 1993



The Mental Health and Mental Retardation Authority for Harris County

# FORENSIC PSYCHIATRIC SERVICES

3rd Floor, Harris County Jail ★ 1301 Franklin
Houston, Texas ★ 77002

Administration:
(713) 755-7241

Forensic Service:
(713) 755-6904

October 13, 1993

Honorable William Harmon
Judge 178th District Court
Harris County, Texas

Re: Gerald Eldridge (Cause# 674934)-Sanity Evaluation

Dear Judge Harmon:

The defendant is a 29 year old black male who was seen for
evaluation on October 13, 1993. The defendant was told the
purpose of the evaluation at the beginning of the interview and
was also told about his right to refuse to answer questions.
Although the evaluation did not proceed as usual, it is believed
that sufficient information was obtained to justify the
conclusions in this report and fulfill the requirements of the
court order.

The defendant was seen for evaluation on the third floor of the
Central Jail building where he is currently an inpatient on the
Harris County Jail Psychiatric Treatment Unit. The defendant's
current presentation as well as the information obtained from the
psychiatry unit staff and records revealed the defendant to be
malingering and essentially uncooperative. Consequently, he did
not provide any information about his behavior and thinking that
occurred on or about the time the alleged offense took place.

In addition to the defendant's own statements, the police offense
report was reviewed. This report does not reveal any behavior or
statement made by the defendant during the period of time in
question that would suggest that he might be suffering from a
severe mental illness or mental defect. It also appears that the
defendant was aware of the difference between right and wrong
during this time.

000072

COMPETENCY EVALUATION

FILED: OCTOBER 18, 1993



The Mental Health and Mental Retardation Authority for Harris County

# FORENSIC PSYCHIATRIC SERVICES

3rd Floor, Harris County Jail ★ 1301 Franklin
Houston, Texas ★ 77002

Administration:
(713) 755-7241

Forensic Service:
(713) 755-6904

October 13, 1993

Honorable William Harmon
Judge 178th District Court
Harris County, Texas

Re: Gerald Eldridge (Cause# 674934)-Competency Evaluation

Dear Judge Harmon:

The defendant is a 29 year old black male who was seen for evaluation on October 13, 1993. The defendant was told the purpose of the evaluation at the beginning of the interview and was also told about his right to refuse to answer questions. Although the evaluation did not proceed as usual, it is beleived that sufficient information was obtained to justify the conclusions in this report and fulfill the requirements of the court order.

The defendant was seen for evaluation on the third floor of the Central Jail building where he is currently an inpatient on the Harris County Jail Psychiatric Treatment Unit. The defendant was admitted to the unit for observation at the request of Dr. Edward Silverman who has also seen the defendant for evaluation. The records reviewed indicate that Dr. Silvermann first saw the defendant on January 25, 1993 and considered him to be malingering or feigning mental illness. Dr. Silverman saw the defendant again on September 30, 1993 and requested a second opinion.

When seen by this examiner, the defendant was presented as a well-groomed and well-nourished individual appropriately dressed in a standard jail uniform. Although he was compliant in coming to the interview room and sitting down, he quickly began demonstrating unusual behaviors. These behaviors worsened and changed over time during the evaluation session. For example, he began to shake both of his legs, then would stop for a awhile, then would shake one leg, and then the other leg. At other times he would hold his head in his hands and would appear to be crying or sobbing, but very few tears were seen. Toward the end of the interview he then began scratching his head so hard that he drew blood. As the interview was terminated the defendant refused to leave the interview room. It was necessary to call the

000074

Re:  Gerald Eld. lge

*Based upon the current information available, it is this examiner's opinion that the defendant continues to feign mental illness and is thereby attempting to manipulate the outcome of the current proceedings against him. It is noted that the defendant is charged with a serious criminal offense that could involve his receiving the death penalty. Consequently, his motivation to fake mental illness in order to avoid the consequences of his current legal situation is very high. The defendant's current presentation is not consistent with any known psychosis or severe mental illness.*

*In this examiner's opinion this defendant should be considered COMPETENT to stand trial. He is deliberately attempting to portray himself as mentally ill and consequently avoid the proceedings that are taking place against him. Because of the defendant's awareness of and the reasons for his malingering, it is believed that he has the ability to assist his attorney with a reasonable degree of rational understanding. It is also beleived that he has a rational as well as factual understanding of the proceedings taking place. If the defendant decided to cooperate, it is believed that he would have no significant trouble participating in the preparation of a defense. It is recommended that the defendant be confronted with this information and be urged to change his attitude about the evaluation and the court proceedings and devote his energy and time in an appropriate fashion to defend himself against the current charges.*

Jerome B. Brown, Ph.D.
Clinical Psychologist

JBB:jk

F I L E D
KATHERINE TYRA
District Clerk

OCT 13 1993
Time: 2:18 PM
Harris County, Texas
By_____ Deputy

CAUSE NO. 674934
PSYCHOLOGICAL EXAMINATION
PAGE NO. 2

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this Motion be in all things granted, and that the Court issue an Order permitting the Defendant to be examined in the Harris County Jail by the psychologist.

F I L E D
KATHERINE TYRA
District Clerk

OCT 2 2 1993

Time: 11:05
Harris County, Texas

By _____ Deputy

Respectfully submitted,

_Danise M Crawf_
DANISE M. CRAWFORD
TBN 05020150
1600 Smith, Suite 4120
Houston, Texas 77002
(713) 951-7500
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct coy of the above and foregoing instrument has been furnished to counsel for the State by hand delivery of copy of same this the _22_ day of _October_, 1993.

_Danise M. Crawf_
DANISE M. CRAWFORD

000078

Court Coordinator No. 2-A

CAUSE NO. *674934*
*653189*

CHARGE *CAP. Murder*
*CAP. Murder*

THE STATE OF TEXAS

*178* DISTRICT COURT

VS.

OF HARRIS COUNTY, TEXAS.

*Eldridge, Gerald*
Defendant

## AGREED SETTING

The undersigned Counsel hereby agrees this case is reset for

_*J. TRIAL*_ to _*2-7-94    9:00am*_
(Type of Setting)                              (Date)

*Donna Goode*
Attorney for the State

*OFF Docket*
Defendant

*DENISE M. CRAWFORD*
(Print) Attorney for Defendant

*Denise M. Crawford*
(Signature) Attorney for Defendant

*1112 Southmore*
(Street Address)

*Houston Tx 77004*
(City)          (State)          (Zip)

*523-4050*
(Phone Number)

*05020150*
(Bar Number)

OFF DOCKET

APPROVED BY THE COURT:

_____
Judge Presiding

_____
Date

**F I L E D**
KATHERINE TYRA
District Clerk

DEC - 6 1993

Time: _____
Harris County, Texas
By_____
Deputy

000080

CAUSE NO. <u>674934</u>

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 178TH DISTRICT COURT |
| VS | § | OF |
| <u>GERALD CORNELIUS ELDRIDGE</u> | § | HARRIS COUNTY, T E X A S |

<u>STATE'S NOTICE OF INTENT TO USE AS EVIDENCE</u>

<u>BUSINESS RECORDS ACCOMPANIED BY AFFIDAVIT</u>

COMES NOW THE STATE OF TEXAS by and through it's undersigned District Attorney and hereby gives notice pursuant to Texas Rules of Criminal Evidence 902 (10) of its intent to use as evidence business records accompanied by affidavit in the trial of the above styled and numbered cause(s). The records involved are the <u>187 pages of medical records from Herman Hospital</u>. The name of the maker of the affidavit is <u>Lisa Coleman</u> employed by <u>Herman Hospital</u>. Said records and affidavit shall be on file with the Clerk of the Court on or before <u>January 31, 1994</u> and available therefrom for inspection and copying.

F I L E D

KATHERINE TYRA
District Clerk

JAN 3 1 1994

Time: 4:30

Harris County, Texas

By _____

Respectfully Submitted,

*Elsa Alcala*

**Assistant District Attorney**
**178th District Court**
**Harris County**

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing instrument has been mailed to the following address: Denise Crawford, 1112 Southmore Blvd., Houston, Texas 77004.

Date: 1/28/94

*Elsa Alcala*

**Assistant District Attorney**
**178th District Court**
**Harris County, Texas**

CAUSE NO.674934

| THE STATE OF TEXAS | )( | IN THE 178TH DISTRICT COURT |
|---|---|---|
| VS. | )( | OF |
| Gerald Cornelius Eldridge | )( | HARRIS COUNTY, TEXAS |

## NOTICE OF INTENTION TO USE CHILD ABUSE
## VICTIM'S HEARSAY STATEMENT

Comes now the Undersigned Assistant District Attorney and files this Notice of Intention to Use a Child Abuse Victim's Hearsay Statement and would show to the Court the following:

1.     Cause No. 674934 is presently pending in this Court and is set February 14, 1994 for Jury Trial.

2.     Pursuant to section 38.072 of the Texas Code of Criminal Procedure the Undersigned Assistant District Attorney hereby gives notice to the Defendant  and his counsel that the state intends to offer a hearsay statement of a child victim of abuse.

3.     The witness's name through whom the state intends to offer the statement is Horace Bogany.

4.     A summary of the statement is as follows:

The next day after the incident happened, complainant was taken to his grandfather's and after noticing marks, he asked complainant what happened.  Complainant said the defendant hit him with his fist and with a belt.

**F I L E D**
KATHERINE TYRA
District Clerk

JAN 3 1 1994

Time: _____
Harris County, Texas

By _____
Deputy

Respectfully submitted,

*Elsa Alcala*

Assistant District Attorney
Harris County, Texas

A copy of the above Notice was sent certified to counsel for the defendant, Denise Crawford, at 1112 Southmore Blvd., Houston, Texas 77004 on this 28th day of January, 1994 by Lori A. Cox.

000084

CAUSE NO. <u>674934</u>

| THE STATE OF TEXAS | § | IN THE 178TH DISTRICT COURT |
| VS | § | OF |
| <u>GERALD CORNELIUS ELDRIDGE</u> | § | HARRIS COUNTY, T E X A S |

### STATE'S NOTICE OF INTENT TO USE AS EVIDENCE
### BUSINESS RECORDS ACCOMPANIED BY AFFIDAVIT

COMES NOW THE STATE OF TEXAS by and through it's undersigned District Attorney and hereby gives notice pursuant to Texas Rules of Criminal Evidence 902 (10) of its intent to use as evidence business records accompanied by affidavit in the trial of the above styled and numbered cause(s). The records involved are the <u>27 pages of medical records from Herman Hospital</u>. The name of the maker of the affidavit is <u>Lisa Coleman</u> employed by <u>Herman Hospital</u>. Said records and affidavit shall be on file with the Clerk of the Court on or before <u>January 31, 1994</u> and available therefrom for inspection and copying.

F I L E D
KATHERINE TYRA
District Clerk

JAN 31 1994

Time: _____
Harris County, Texas

By _____
Deputy

Respectfully Submitted,

*Elsa Alcala*
Assistant District Attorney
178th District Court
Harris County

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been mailed to the following address: Denise Crawford, 1112 Southmore Blvd., Houston, Texas 77004.

Date: 1/28/94

*Elsa Alcala*
Assistant District Attorney
178th District Court
Harris County, Texas

000086

problems today."  On October 31st, he was described as  "behavior
appropriate."   On  November  15th the  defendant complained that
"people were  not listening  to him."   On December  9th,  he was
described   as   "dramatic,   theatrical,   inconsistent
symptoms...auditory,  visual,  and  tactile hallucinations  (saw
himself  and  his  brother  loading  trucks)"...thought processes
organized and goal-directed."

The  psychiatric  treatment   notes  from  the  same   period  of
observation noted that the defendant had been seen for evaluation
in January, 1993 through February, 1993 and was released from the
unit as "no diagnosis of serious mental illness."   The admission
psychiatric  note indicated that there  were "strong malingering
documented...no   recent   problems   reported   by  jailers...no
complaints   of   auditory   hallucinations...no   persecutory
ideation."  On October 6th the psychiatric note indicated   that
there were  "no visual  hallucinations  reported...depressed and
tearful at  times."   He was  described on October  7th as "vague
reporting  (of symptoms)...kempt...says  he  cannot  read."   An
October 13th  psychiatric note  indicates that  the  patient was
"combative and agitated...clear and coherent."  On  October 21st
he was seen as "no evidence of  psychotic behavior...selectively
mute."  The  November  11th  note  indicates that  he  "denied
auditory  and  visual hallucinations...then  said his  brother
visited him."  On November 23rd,  the defendant stated that "the
woman in  his head  is burning candles"  and this  is  why he is
having  headaches.   On November  29th,  he  complained that his
father was beating and drugging him while in  his jail tank.  On
December 8th he was described as  "reported visual hallucinations
in  detail...reported symptoms  not typical of  individual with a
psychotic disorder."   On January 6,  1994  the  defendant stated
that he does not know where he comes from, who is parents are, or
who he is.  He also stated that  he does not know  why he  is in
jail.  He  then  complained that  he  "sees demons  flying and
snatching people."  On February 8th, the defendant was discharged
from the unit  with the comment that  he  "has no place  on a
psychiatric unit."

When seen by this examiner, the defendant was initially quiet and
subdued.  He was seen for evaluation in an open jail tank area on
the Psychiatric Treatment Unit and was brought there from general
population  where he is now placed.   Upon being asked how he was
doing, he stated "they keep moving me and  moving me...I'm ready
to go (home)."  When asked why he was here, the defendant stated
"I go to court and I don't make trouble...they said I should just
sign the papers...the boss  man,  he hit me and said  to sign the
papers."   When asked  who the  "boss  man"  was,  the defendant
indicated that it was one of the  jail deputies,  but acted as if
he could not pronounce the  word "badge"  to indicate the "thing"
on the man's chest above his pocket.

At this point the defendant stopped answering questions  and only
stated "I'm just tired...I will do whatever they want to do."  He
was then asked if he  has been  to court recently,  and he stated

COMPETENCY EVALUATION

FILED: FEBRUARY 23, 1994



The Mental Health and Mental Retardation Authority for Harris County

# FORENSIC PSYCHIATRIC SERVICES

3rd Floor, Harris County Jail ★ 1301 Franklin
Houston, Texas ★ 77002

Administration:
(713) 755-7241

Forensic Service:
(713) 755-6904

February 21, 1994

FILED
KATHERINE TYRA
District Clerk

FEB 23 1994
Time:
Harris County, Texas
By
Deputy

Honorable William Harmon
Judge 178th District Court
Harris County, Texas

Re: Gerald Eldridge (Cause# 674934)-Follow-up Competency
Evaluation

Dear Judge Harmon:

The defendant is a 29 year old black male who was seen most recently for evaluation on February 18, 1994. The defendant has been seen previously by this examiner (October 13, 1993) at which time he was found to be malingering and otherwise competent to stand trial. Because of the defendant's current lack of cooperation, the usual warning given concerning the purpose of the evaluation and his right to refuse to answer questions was not provided to the defendant. In addition to the brief encounter with the defendant for interview, records from the Harris County Jail Psychiatric Treatment Unit were also reviewed. It is believed that the information obtained is satisfactory for the purposes of the court order even though the usual evaluation and clinical interview could not be conducted.

Records from the Harris County Jail Psychiatric Treatment Unit reveal that the defendant was admitted for observation on October 5, 1993. At that time he was complaining of having headaches, but was otherwise oriented in all spheres. On October 6, 1993 treatment notes indicate that the defendant had scratched his head until it bled and was transferred to the medical floor for attention to this. (This behavior was exhibited by the defendant with this examiner when he was first seen.) This behavior has not repeated itself since that time, however. On October 7th it was observed that his foot was shaking while he was lying in bed. (This behavior also has not been repeated since that time.) A staff review on that same day indicated that the defendant was starting to complain of hallucinations and refused to do psychological testing. On October 9th he was described as "pleasant and cooperative" and continued in this vein until October 19th. At that time he was considered as having "no psychotic symptoms...expressing some suspiciousness toward other inmates...stable condition." On October 21st, he was responding with "I don't know" to almost every question asked of him. On

At this point the defendant stopped answering questions  and only stated "I'm just tired...I will do whatever they want to do."  He was then asked if he  has been  to court recently,  and he stated that  he  does  not know.   He then  became  more  irritable and agitated and stated "I'm tired of all these questions" got up and left  the  room.    Because of the  defendant's history of combativeness and irritability,  he was not pursued  and attempts at further interviewing were not made.

At this  point  the  defendant  remains    uncooperative,  easily irritated,  and angry.   A  period  of observation  on the Harris County  Jail Psychiatric  Treatment Unit that lasted  four months did not reveal any consistent or significant  mental illness.   It was a consensus of  all  the  staff  members  involved  with this defendant  that he is malingering and  making  up psychiatric symptoms.   He does  not maintain  any symptoms  consistently but instead,  goes from one to another depending upon  the day  he is approached  and questioned.   Many  of the  behaviors claimed and complaints  made  by  the defendant are not  consistent  with any known mental illness.

Based upon  the current information  available,  the defendant is still considered COMPETENT to stand trial.  Although he continues to attempt to feign mental illness and present himself  as unable to understand  what  is taking place around  him,  it is believed these behaviors and this  attitude  is  contrived and voluntarily created by  the defendant  in order to avoid  the consequences of the  serious  charges  against him.   It  is  believed  that the defendant would be able  to assist his attorney with a reasonable degree  of  rational understanding if he  wished to.   He is also capable of forming a rational as well as factual understanding of the  proceedings.    It  is  recommended  that  the defendant be confronted with the opinions  of the  mental health professionals who have  observed,  interviewed,  and worked with  him about his malingering and the futility of continuing with this  approach to his current legal situation.   If he does not decide to cooperate it will be difficult to work with the defendant.   Regardless, it is  recommended that  the proceedings  against  him  be continued without further delay or  disruption  and  that  his  attempts at manipulating  the system  and  feigning  psychiatric  symptoms be ignored.

Jerome B. Brown, Ph.D.
Clinical Psychologist

JBB:jk

000092                             3

## IV.

The Court Should Appoint a New Counsel to Act in behalf of the Defendant in order that he is Assured the Reasonably Effective Assistance of Counsel that he is Entitled to.

Wherefore, Premises Considered, Defendant prays that this Court Dismiss Crawford As Defendant's Counsel and Appoint a New Counsel to Act in Behalf of Defendant.

FILED
KATHERINE TYRA
District Clerk

APR 1 2 1994

Time: 10:14 AM
Harris County, Texas
By
Deputy

_Gerald C. Eldridge_
Defendant Pro se

"I, Gerald Cornelius Eldridge, # 651025 from the Harris County Jail, Harris County, Texas., Declare under Penalty of perjury that the foregoing is true And Correct."

Executed on April 4, 1994      _Gerald C. Eldridge_
Defendant

## ORDER

On this 12 day of April, 1994, Came to Be heard Defendant's Motion To Dismiss Court Appointed Attorney And Appoint New Counsel To Act On Behalf of Defendant, And After Due Consideration, it is the Decision of this Court that this Motion be:

Granted _____      (Denied)

_William Harmon_
Judge Presiding

RECORDER'S MEMORANDUM:
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

000094

the Law Guaranteed him by the Fourteenth Amendment to the United States Constitution.

III.

The Defendant would further Show the Court that he has Attached a Written Order, for the Court's Convenience, to all Written Motions filed before this Court.

IV.

This Motion is Not a Request for the Court to make Written Findings of Fact And Conclusions of Law on All written Motions filed by the Defendant.

Prayer

Wherefore, Premises Considered, the Defendant Respectfully Prays the Court Grant this Motion in All things, And there by make a Written Ruling on Any And All Motions filed before said Court on behalf of Said Defendant in Order to Ensure that An Appellate Court Can Identify each Specific Ruling on each Particular Motion, thereby Guaranteeing that the Defendant Will Recieved Adequate Appellate Review of each of the Said Aforementioned Rulings Made by this Court, Should An Appeal become Necessary.

Respectfully Submitted,

Gerald C. Eldridge
Defendant

**F I L E D**

KATHERINE TYRA
District Clerk

APR 1 2 1994
10:10 AM

Time:
Harris County, Texas

By
Deputy

000096

OFFENSE: **Capital Murder**

CAUSE NO. **674934**

COUNT NO. **1**

THE STATE OF TEXAS

VS.

**Gerald Eldridge**

IN THE **178** DISTRICT COURT

OF

HARRIS COUNTY, TEXAS

## MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the State of Texas by and through her District Attorney, and respectfully requests the Court to dismiss the above entitled and numbered criminal action for the following reason:

- ☐ The Defendant was convicted in another case or count.
- ☐ In custody elsewhere.
- ☐ Old case, no arrest.
- ☐ Missing witness.
- ☐ Request of complaining witness.
- ☐ Motion to suppress granted.
- ☐ Co-Defendant tried, this Defendant testify.
- ☐ Insufficient evidence.
- ☐ Co-Defendant convicted, insufficient evidence this Defendant.
- ☒ Case refiled.
- ☐ Other.

EXPLANATION: **9403201**

**F I L E D**
KATHERINE TYRA
District Clerk

APR 19 1994

Time: **9:45A**
Harris County, Texas
By **BMoore**
Deputy

**RECORDER'S MEMORANDUM:**
This instrument is of poor quality and not satisfactory for photographic recordation; and/or alterations were present at the time of filming.

WHEREFORE, PREMISES CONSIDERED, it is requested that the above entitled and numbered cause be dismissed.

Respectfully submitted,

**Elsc Alcala**

Assistant District Attorney
Harris County, Texas

## ORDER

The foregoing motion having been presented to me on this the **19** day of **April** A.D. 19 **94**, and the same having been considered, it is, therefore, ORDERED, ADJUDGED and DECREED that said above entitled and numbered cause be and the same is hereby dismissed.

JUDGE
**178** DISTRICT COURT
HARRIS COUNTY, TEXAS

WRIT TO SERVE COPY OF VENIREMEN FOR THE WEEK BEGINNING
FEBRUARY 18, 1994

FILED: FEBRUARY 15, 1994

NO. 9403201

THE STATE OF TEXAS                    IN THE 176 DISTRICT COURT

COUNTY OF HARRIS                      February TERM, A.D. 19 94

THE STATE OF TEXAS

To the Sheriff of Harris County, Greetings:

YOU ARE HEREBY COMMANDED to deliver forthwith to _____

Gerald Cornelius Eldridge _____ in person, the

accompanying Certified Copy of the list of persons to serve as Veniremen, for the

week beginning February 18 , A.D. 19 94 and including persons

summoned as Veniremen for February 18 , A.D. 19 94 through

February 18 , A.D. 19 94, and being set for trial on the docket

of said Court in Cause No. 9403201 wherein THE STATE OF TEXAS is

Plaintiff and Gerald Cornelius Eldridge _____

is defendant.

Herein Fail Not, but of this Writ make due return, showing how you have

executed the same.

WITNESS my hand and seal of office, at Houston Texas, this _____ day of

FEB 1 4 1994 , A.D. 19____.

KATHERINE TYRA, DISTRICT CLERK
HARRIS COUNTY, T E X A S

By: _____, Deputy

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHERIFF'S RETURN

Came to hand 14 day of February , 1994, and executed 14 day of

February , 1994. By deliverying to Gerald

Cornelius Eldridge _____ the within named

defendant, a certified copy of Veniremen, accompanying this writ.

Johnny Klevenhagen, Sheriff
Harris County, Texas

By: _____, Deputy

KATHERINE TYRA
DISTRICT CLERK
HARRIS COUNTY, TEXAS

04 FEB 15 AM 7: 17

BY _____
DEPUTY

000100  CRM-88  02-24-92

CAUSE NO. 94 03201

| | | |
|---|---|---|
| THE STATE OF TEXAS | ‖ | IN THE 178 DISTRICT COURT |
| VS. | ‖ | OF |
| Gerald Eldridge | ‖ | |
| DEFENDANT | ‖ | HARRIS COUNTY, TEXAS |

## MOTION FOR PSYCHIATRIC EXAMINATION: **SANITY**

Now Comes, The State of Texas, by and through it's Assistant District Attorney, and/or the undersigned Attorney for the above-named defendant, and moves this Court to order that the Harris County Forensic Psychiatric Services conduct a psychiatric examination to determine the defendant's **sanity** at the time of the offense pursuant to Art. 46.03, Texas Code of Criminal Procedure.

The defendant is charged by indictment/information with the felony offense of Capital murder alleged to have been commited on the 5th day of January, 1993.

This motion for an examination is requested for the following reasons;

A defense expert by the name of Dr. Austin said on Feb. 16, 1994 that based on his examination of the defendant, the defendant is incompetent to stand trial. Dr. Austin also said that he cannot evaluate sanity at this time due to the defendant's incompetency.

Wherefore, premises considered, the ___State___ prays that this motion be granted.

Please have Dr. Brown examine the defendant. He is the last psychiatrist who saw him.

_____
ATTORNEY FOR THE DEFENDANT

*Elsa Alcala*
ASSISTANT DISTRICT ATTORNEY
HARRIS COUNTY, TEXAS

2 , 16 , 94
DATE



**F I L E D**
KATHERINE TYRA
District Clerk

FEB 16 1994
Time: 3:45 PM
Harris County, Texas
By _____ Deputy

000102

14 2 1 4 9 9 4 4

CAUSE NO. 9403201

THE STATE OF TEXAS     |     IN THE 178 DISTRICT COURT

VS.     |     OF

Gerald Eldridge     |     HARRIS COUNTY, TEXAS
DEFENDANT

## MOTION FOR PSYCHIATRIC EXAMINATION: COMPETENCY

NOW Comes, The State of Texas, by and through it's Assistant District Attorney, and/or the undersigned Attorney for the above-named defendant, and moves this Court to order that the Harris County Forensic Psychiatric Services conduct a psychiatric examination to determine the defendant's present competency to stand trial pursuant to Art. 46.02, Texas Code of Criminal Procedure.

The defendant is charged by indictment/information with the felony offense of _Capital murder_ alleged to have been committed on the _5_ day of _January_, 19_93_

This motion for an examination is requested for the following reasons:

A defense expert by the name of DR. Austin said on Feb. 16 1994 that based on his examination the defendant is incompetent to stand trial. Dr. Austin also said that he cannot evaluate sanity at this time due to △'s incompetence.

Wherefore, premises considered, the _State_ prays that this motion be granted.

Please have DR. Brown examine the defendant. He is the last psychiatrist who saw him.

Elsa Alcala

~~ATTORNEY FOR THE DEFENDANT~~

**ASSISTANT DISTRICT ATTORNEY**
**HARRIS COUNTY, TEXAS**

2 , 16 , 94
DATE

F I L E D
KATHERINE TYRA
District Clerk

FEB 16 1994
Time: 3:45 pm
Harris County, Texas
By_____
Deputy

000104

WRIT TO SERVE COPY OF VENIREMEN FOR THE WEEK BEGINNING
FEBRUARY 21, 1994

FILED: FEBRUARY 19, 1994

SPN# 00651025
16/RN/0906

NO. 9403201

THE STATE OF TEXAS

COUNTY OF HARRIS

IN THE 178 DISTRICT COURT

February TERM, A.D. 19 94

THE STATE OF TEXAS

To the Sheriff of Harris County, Greetings:

YOU ARE HEREBY COMMANDED to deliver forthwith to _____

Gerald Cornelius Eldridge _____ in person, the

accompanying Certified Copy of the list of persons to serve as Veniremen, for the

week beginning _February 21_, A.D. 19 94 and including persons

summoned as Veniremen for _February 21_, A.D. 19 94 through

_February 25_, A.D. 19 94, and being set for trial on the docket

of said Court in Cause No. 9403201 wherein THE STATE OF TEXAS is

Plaintiff and _Gerald Cornelius Eldridge_____

is defendant.

Herein Fail Not, but of this Writ make due return, showing how you have

executed the same.

WITNESS my hand and seal of office, at Houston Texas, this _____ day of

_FEB 1 7 1994_, A.D. 19____.

KATHERINE TYRA, DISTRICT CLERK
HARRIS COUNTY, T E X A S

By: _____, Deputy

==================================================================

SHERIFF'S RETURN

Came to hand _18_ day of _February_, 19 94, and executed _18_ day of

_February_, 19 94. By deliverying to _Gerald Cornelius Eldridge_

defendant, a certified copy of Veniremen, accompanying this writ, the within named

Johnny Klevenhagen, Sheriff
Harris County, Texas

By: _KC Loy 1828_, Deputy

BY _____
DEPUTY

FILED
DISTRICT CLERK
HARRIS COUNTY, TEXAS
CENTRAL RECORDS
96 FEB 19 PM 1: 30

CRM-88  02-24-92

000106

jail. He stated that he was supposed to get married to a woman named Michelle and he indicated that Michelle comes and visits him.

When asked if he has an attorney, Mr. Eldridge stated "somebody asked me that. I don't even know the person." He indicated that he assumes that a man who came to see him the day prior to our evaluation is his attorney. Mr. Eldridge indicated that he is unsure if he needs a lawyer. He stated that his brother, Mike, always takes care of him. When asked what a lawyer would do for him if he is charged with murder, he stated "I don't know that kinda stuff." When asked to describe the role of the District Attorney in the legal proceedings against him, Mr. Eldridge stated "I don't have the slightest idea." When asked to describe the Judge in the legal proceedings against him, Mr. Eldridge stated "we like playing football. They big. They real big. I wish I was that big." He stated that he does not know the role of the Jury in the legal proceedings against him. When asked what might happen to him if he is found guilty of capital murder, Mr. Eldridge stated "If I knew what was going on, I'd be able to answer your questions." He went on to state that he feels better but that his head hurts because of a werewolf that has been chasing him.

On mental status examination, Mr. Eldridge was alert and oriented for person but claimed to be only partially oriented for place and claimed to be disoriented for time. He knew that he was in the city of Houston and knew that he was in jail but claimed that he does not know the name of the jail. When asked the date, he stated "I'm bad on that stuff. Can't keep up with it." He claimed that the year was 1993 or 1994 but that he was unsure which was correct. He claimed to have no idea of the current month. For the most part, Mr. Eldridge's speech was clear, coherent, and goal directed. On one occasion, he began mumbling but when asked by the examiner to repeat what he had said, he denied that he had been saying anything. Mr. Eldridge repeatedly stated that he is confused about what is happening to him. He stated that he does not belong in this world but belongs in another world that no longer exists. He stated that these other worlds have been destroyed by the people who are in jail and he feels that the people in jail are trying to destroy him. He stated that he wants to go to hell so that he can save the world. He indicated that that is why he is in jail. He stated that inside he feels real scared and he commented, "I think you want to attack me so I want to attack you first." Mr. Eldridge's affect was labile. At times, his affect was quite appropriate, at other times he was extremely tearful, and on other occasions he became extremely angry. He started crying and shaking his leg and talking angrily about people who killed his mother and father and who beat him up for no reason. Mr. Eldridge's memory was difficult to evaluate in the context of his particular clinical presentation.

Medical records indicate that Mr. Eldridge was admitted to the Psychiatric Treatment Unit in the Harris County Jail on October 5, 1993 for further observation at the request of this examiner. The jailers on the fifth floor were not reporting any recent problems with Mr. Eldridge at the time of his admission to the unit. He was evaluated by Debra Osterman, M.D. on October 5, 1993 and Dr. Osterman reported that Mr. Eldridge was not complaining of auditory hallucinations. She indicated that no persecutory ideation was expressed and there were no delusions evident. She stated that Mr. Eldridge was dysphoric and was complaining of bad dreams. When evaluated by Michelle Lee-Stokes, M.D. on October 6, 1993, Mr. Eldridge reported vague auditory hallucinations which tell him about things he has done and will do in the future. On October 7, 1993, Mr. Eldridge refused psychological testing, complaining that he cannot read or write. On October 13, 1993, Mr. Eldridge was described as agitated and physically combative. He was threatening staff and others but was described as clear, coherent, goal-directed and oriented. He was also described as verbalizing no auditory or visual hallucinations or delusions. He was described as alert and exhibiting no psychotic symptoms. He was described as having no evidence of an Axis I mental disorder, no evidence of a treatable mental illness, and an Axis II diagnosis of Anti-Social Personality Disorder. Although it was recommended

WRIT TO SERVE COPY OF VENIREMEN FOR THE WEEK BEGINNING
FEBRUARY 28, 1994

GFILED:

16 ne 995 W

NO. 9403201

THE STATE OF TEXAS

COUNTY OF HARRIS

IN THE 178 DISTRICT COURT

February TERM, A.D. 19 94

THE STATE OF TEXAS

To the Sheriff of Harris County, Greetings:

YOU ARE HEREBY COMMANDED to deliver forthwith to _____

Gerald Cornelius Eldridge _____ in person, the

accompanying Certified Copy of the list of persons to serve as Veniremen, for the

week beginning February 28 , A.D. 19 94 and including persons

summoned as Veniremen for February 28 , A.D. 19 94 through

March 4 , A.D. 19 94, and being set for trial on the docket

of said Court in Cause No. 9403201 wherein THE STATE OF TEXAS is

Plaintiff and Gerald Cornelius Eldridge _____

is defendant.

Herein Fail Not, but of this Writ make due return, showing how you have

executed the same.

WITNESS my hand and seal of office, at Houston Texas, this 24th day of

February , A.D. 19 94.

KATHERINE TYRA, DISTRICT CLERK
HARRIS COUNTY, T E X A S

By: _____ , Deputy

=======================================================================

SHERIFF'S RETURN

Came to hand 24 day of Feb , 94 , and executed 24 day of

Feb , 1994. By deliverying to Gerald C

Eldridge the within named

defendant, a certified copy of Veniremen, accompanying this writ.

Johnny Klevenhagen, Sheriff
Harris County, Texas

By: _____ , Deputy

000110  CRM-88  02-24-92

Def: Gerald Cornelius Eldridge
CASE NO. 9403201
In The County Criminal Court at Law No.
178th District Court

"DEFENDANT'S JURY LIST"
THE STATE OF TEXAS
VS. No. 9403201

1 Melissa Anne Siems
2 Diane Nagurney Bell
3 Dwyen Phuong Nguyen
4 Catherine Lopez Buckles
5 David James Broaduray
6 Hector M. Cortes
7 Frances H Brogan
8 Richard Douglas Baker
9 Helen Hargrove Mingard
10 Arthur Spencer agreed
11 Geraldine Jade Boyle
12 David Edward Brannon
13 Alonzo Louis Richter
14 Everett Adrian
15 Fuck Brabney
16 Glenn Wolfe Powell
17 Robert Benjamin Johnson
18 Buel Drummond Shostil
19 Jean Donald Williams
20 Robert Charles Bryce
21 Vanessa Denell Pearce agreed
22 Cheryl Wolfe
23 Judith Rogers Demming
24 Marvin N. Armstrong agreed
25 Harriet E. Babchick agreed
26 Timothy Karl Borchers
27 Richard Hugh Stokes
28 Catherine Price Baton
29 Dolores Appelbaum Knight
30 Kenneth Arthur Jansen
31 Susan Barbara Thulstrap
32 Anderson Eldridge Bynam
33 Glen Alan Selca agreed
34 Ruth Connel McNally
35 Viet Gia Nguyen
36 Humberto F. Caballero agreed

---

Def: Gerald Cornelius Eldridge
CASE NO. 9403201
In The County Criminal Court at Law No.
178 District Court

"DEFENDANT'S JURY LIST"
THE STATE OF TEXAS
VS. No. 9403201

37 Ozell David Smith, Sr. agreed
38 Jose Luis Rodriguez
39 Willie Turman Borner
40 Bruce Edward Reliford

**F I L E D**
KATHERINE TYRA
District Clerk

FEB 28 1994

Time: 3.35 p
Harris County, Texas
By _____ Deputy

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36

000112

CRM-57B R11-06-91

the time of the alleged crime because of the Defendant's severe mental decompensation and general disorientation.

## V.

Dr. Austin suggests that the Defendant receive anti-psychotic medication to assist him in attaining mental intactness. In prescribing mediation for the Defendant, his mental state at the time of the alleged offense may be determined.

## VI.

The Defendant will be deprived of assistance of counsel as guaranteed under the Sixth and Fourteenth Amendments to the United States Constitution due to counsel's inability to evaluate the application of the insanity defense to the charge pending against Defendant. In the absence of an expert opinion from this mental health expert as to the Defendant's "sanity" at the time of the alleged offense, Defendant is prejudiced in his defense of this capital murder allegation because he will be unable to question prospective jurors about the insanity defense and its application to the present case. Defendant will be denied due process of law and equal protection of the law under the Fourteenth Amendment to the United States Constitution unless he is given the opportunity to receive necessary anti-psychotic medication which will permit the Defendant's mental health expert to then assess Defendant's mental state at the time of the alleged crime.

## VII.

By filing this Motion for Continuance, Defendant is attempting to avert an Eighth Amendment violation under the United States Constitution. Ordering the Defendant to trial (at risk of receiving the death penalty) under the circumstances of this unique case would constitute cruel and unusual punishment prohibited by the Eighth Amendment to the United States

BEFORE ME, the undersigned authority on this day personally appeared Wayne T. Hill who upon his oath did state:

*"My name is Wayne T. Hill. I am co-counsel for the Defendant in this matter. I have spoken with Dr. Richard B. Austin and have personal knowledge of the allegations made herein."*

_____
Wayne T. Hill

SUBSCRIBED AND SWORN TO BEFORE ME the undersigned authority on this 28th day of February, 1994.

GAYLE M. MASON
Notary Public, State of Texas
My Commission Expires 3-25-95

_____
Notary Public in and for
The State of Texas

My Commission Expires: 3-25-95

**RICHARD B. AUSTIN, JR., Ph.D.**

SUITE 470
1800 BERING DRIVE
HOUSTON, TEXAS 77057
FAX (713) 780-7730

CLINICAL PSYCHOLOGY

(713) 780-7700

**PSYCHOLOGICAL EVALUATION**
Cause No. 6531289

**NAME:**  Gerald Eldridge

**AGE:**  33

**DATE:**  February 16, 1994

**DOB:**  March 14, 1964

**PURPOSE OF EVALUATION:**  Examination of the patient at the Harris County Jail, Houston, Texas to determine mental status, with the permission of the Court.

**OBSERVATIONS:**

The patient mumbled to himself, did not make eye contact and was incoherent at times. He had "trouble hearing," which may be related to a serious auditory perception problem which makes it difficult for him to process sounds. He does better through the visual sense, as he was able to do simple math when given the visual problem, which he could not do when the problem was just stated to him.

**EVALUATION RESULTS:**

The patient appears to be disoriented in time and place, and he is vague about where he was brought. He does not know the day of the week, and he apparently has no knowledge of the role of his attorney in any Court proceedings. When asked why he was here (jail), he answered, "I don't know."

V1.7:03.4  P.06:34

EXHIBIT "A"

Eldridge, Gerald
Page 3

**SUMMARY AND CONCLUSION:**

It is my opinion that:

(1) His mental state at this time is such that he is not competent to understand the issue he is charged with, nor to be able to participate with his attorney in his defense;

(2) It is not possible to assess at this time his mental state at the time of the alleged crime, because of his severe mental decompensation and general disorientation; and,

(3) I suggest anti-psychotic medication at this time, to help him attain some mental intactness.

Richard B. Austin, Jr., Ph.D.
Clinical Psychologist

000120

CAUSE NO. Q403201  13|Ru|989

| STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GERALD ELDRIDGE | § | 178TH JUDICIAL DISTRICT |

### ORDER

ON THIS 11th day of April , 1994, came on to be heard Defendant's

Motion for Continuance. It is the order of this court that the Continuance is (GRANTED)

(DENIED).


SIGNED, this 11 day of APRIL , 1994.


Honorable William T. Harmon
Judge Presiding
178th District Court
Harris County, Texas

000122

CAUSE NO. 9403201

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 178TH DISTRICT COURT |
| VS. | § | OF HARRIS COUNTY, TEXAS |
| GERALD ELDRIDGE | § | FEBRUARY TERM, A. D., 1994 |

Members of the Jury

The defendant, Gerald Eldridge, stands charged with a felony criminal offense. A written motion has been filed in this cause asserting that the defendant is not presently competent to stand trial.

Our law provides that no person who is incompetent to stand trial for the alleged commission of an offense shall be tried for the alleged offense while in such condition.

Every person is presumed to be competent until the contrary is shown by a preponderance of the evidence.

To establish incompetency to stand trial at the present time it must be established by a preponderance of the evidence that the defendant does not have:

(1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; or

(2) a rational as well as factual understanding of the proceedings against him.

In this case the burden of proof is by a preponderance of the evidence, and that burden rests on the defendant. By the term "preponderance of the evidence" is meant the greater weight of the credible evidence.

Our law provides that a defendant may testify in his own behalf. This, however, is a right accorded a defendant, and in the event he does not testify, that fact cannot be taken as a circumstance against him.

In this case, the defendant has not testified and you are instructed that you cannot and must not refer to or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against him.

000124

_William T. Harmon_

William T. Harmon, Judge
178th District Court
Harris, County, TEXAS

000126

REQUEST OF THE JURORS

FILED: MARCH 3, 1994

9403201
178th

~~Certification of what How many trans~~

Commissary Record.
Dr. Austin Reports
Dr. Brown ✓
Dr. Silverman ✓

_Richard D. Baker_

**FILED**
KATHERINE TYRA
District Clerk

MAR - 3 1994

Time: _____
Harris County, Texas
By _____
Deputy

000128