# United States District Court
# Southern District of Texas

Case Number: __OSCV1847__

## ATTACHMENT

Description:

☐ State Court Record     ☑ State Court Record Continued

☐ Administrative Record

☑ Document continued - Part __6__ of _____

☐ Exhibit to: _____
          number(s) / letter(s) _____

Other: _____

_____

_____

```
1  --------------------------------------------------------------
2  RECORDED: VOLUME 1167 PAGE 586 COMBINED MINUTES OF THE
3  DISTRICT COURTS OF HARRIS COUNTY, TEXAS.
4  --------------------------------------------------------------
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
```

for judge/clerk

14 NO 988

13/RIN 992 VM

CAUSE NO. 9403201

| THE STATE OF TEXAS | § | IN THE 178TH DISTRICT COURT |
| VS. | § | OF |
| GERALD CORNELIUS ELDRIDGE | § | HARRIS COUNTY, T E X A S |

## MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes the State of Texas by and through her Assistant District Attorney and moves in limine for an order instructing the Attorneys for the Defendant, their representatives and witnesses, to refrain from making any direct or indirect reference whatsoever, at trial to the following:

### I.

That if the Defendant receives a life sentence he will be eligible for parole after serving 35 calendar years; and/or

### II.

That if the Defendant receives a life sentence he will spend the rest of his life in prison and never be released on parole.

WHEREFORE PREMISES CONSIDERED, the State of Texas prays that the Court grant this Motion In Limine.

Respectfully submitted

F I L E D
KATHERINE TYRA
District Clerk

MAR - 3 1994
Time:_____
Harris County, Texas
By_____
Deputy

000132

_Assistant District Attorney_
Harris County, Texas

RECORDER'S MEMORANDUM:
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

VI203 P0625

_oor Judge (CS rec 14RE987sec_
_13/RK/991_
_Vme_

<u>CAUSE NO. 9403201</u>

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 178TH DISTRICT COURT |
| VS. | § | OF |
| <u>GERALD CORNELIUS ELDRIDGE</u> | § | HARRIS COUNTY, TEXAS |

<u>MOTION IN LIMINE</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, The State of Texas, by and through her Assistant District Attorney, **Don Smyth,** and moves and requests that the Court instruct the Defendant and the Defendant's Attorney not to mention,

> Any defense objection to the State's challenge of the juror under <u>Batson</u> in the presence of the juror. Any reference to any suggestion or allegation that the State has exercised a strike for racially motivated reasons in the presence of the juror

until a hearing has been held outside the presence of the jury to determine the admissibility of such.

Respectfully submitted,

_Elsa Alcer_

Assistant District Attorney
Harris County, Texas

**F I L E D**
KATHERINE TYRA
District Clerk

MAR - 7 1994
Time: _2:30_
Harris County, Texas
By _____ Deputy

RECORDER'S MEMORANDUM:
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

000134



CAUSE NO. 9403201

| STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GERALD ELDRIDGE | § | 178TH JUDICIAL DISTRICT |

**MOTION TO PROPOUND SPECIFIC QUESTIONS TO
VENIREMAN REGARDING THE BURDEN OF PROOF
ON SPECIAL ISSUE - MITIGATION**

TO THE HONORABLE JUDGE OF SAID COURT:

      COMES NOW, G. ELDRIDGE Defendant, by and through his attorneys of record and makes this his Motion to Propound Specific Questions to Venireman Regarding the Burden of Proof on Special Issue - Mitigation, and as grounds therefore would show the Court as follows:

I.

      Defendant contends that the State has the burden of proof on the special issue dealing with mitigation. That is, the Defendant contends that the answer to the issue must be "yes" unless and until the State proves, beyond a reasonable doubt, that there are no mitigating circumstances which would justify a life sentence rather than a death sentence. The Defendant requests permission to voir dire each and every venireman to

MOTION TO PROPOUND SPECIFIC QUESTIONS
TO VENIREMAN REGARDING THE BURDEN OF
PROOF ON SPECIAL ISSUE - MITIGATION, Page 1

000136

and any follow-up question on this subject which may be necessary based on the venireman answers.

Respectfully submitted,

**F I L E D**
**KATHERINE TYRA**
District Clerk

MAR - 7 1994

Time: 10:00 A

Harris County, Texas

By _____ Deputy

_Danise M Crawford_

Danise M. Crawford
TBA# 05020150
1112 Southmore Boulevard
Houston, Texas 77004
(713) 523-4050

_W T Hill_

Wayne T. Hill
TBA # 09656300
4615 Southwest Freeway, Suite 600
Houston, Texas 77027-7106
(713) 623-8312

ATTORNEYS FOR DEFENDANT
GERALD ELDRIDGE

**MOTION TO PROPOUND SPECIFIC QUESTIONS
TO VENIREMAN REGARDING THE BURDEN OF
PROOF ON SPECIAL ISSUE - MITIGATION, Page 3**

CAUSE NO. 9403201

13/RK/988
VRK

| STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GERALD ELDRIDGE | § | 178TH JUDICIAL DISTRICT |

**ORDER ON DEFENDANT'S MOTION TO PROPOUND
SPECIFIC QUESTIONS TO VENIREMAN REGARDING
THE BURDEN OF PROOF ON SPECIAL ISSUE - MITIGATION**

On this 7 day of ___MARCH___, 199 4, came on to be

heard the Defendant's Motion to Propound Specific Questions to Venireman

Regarding the Burden of Proof on Special Issue - Mitigation, and after due

consideration, the Court is of the opinion, and it is hereby ORDERED, that

said Motion is:

_____ GRANTED

___✓_____ DENIED, to which ruling Defendant timely
excepts.

SIGNED this the 7 day of ___MARCH___, 199 4.


_____
JUDGE PRESIDING

RECORDER'S MEMORANDUM:
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

**ORDER ON DEFENDANT'S MOTION TO PROPOUND
SPECIFIC QUESTIONS TO VENIREMAN REGARDING
THE BURDEN OF PROOF ON SPECIAL ISSUE -MITIGATION, Page 1**

000140

offense, the defendant's character and background, and the personal moral culpability of the defendant, there is a sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment rather than a death sentence be imposed.

(f) The court shall charge the jury that in answering the issue submitted under Subsection (e) of this article, the jury:

    (1) shall answer the issue "yes" or "no";

    (2) may not answer the issue "no" unless it agrees unanimously and may not answer the issue "yes" unless 10 or more jurors agree.

## II.

This statute is unconstitutional because it fails to <u>require</u> that mitigation be considered. A juror is required to consider all mitigation. After the juror has <u>considered</u> the mitigation, it is then up to the juror to determine what effect to give the mitigation. Failure to mandate consideration of mitigating evidence makes this statute unconstitutional in violation of the Eighth Amendment.

Capital murder statutes that have survived constitutional scrutiny all require that the jury be told that it must consider all mitigating evidence. E.g., <u>Johnson v. Texas</u>, 113 S.Ct. 2658 (1993); <u>Boyde v. California</u>, 494 U.S. 370 (1990); <u>Blystone v. Pennsylvania</u>, 494 U.S. 299 (1990).

MOTION TO HOLD UNCONSTITUTIONAL V.A.A.C.P.
ARTICLE 37.071 SEC. 2(e) AND (f) - FAILURE TO
<u>REQUIRE MITIGATION BE CONSIDERED</u>, Page 2

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing MOTION has been hand-delivered to the State of Texas by serving an Assistant District Attorney.

SIGNED THIS _7_ day of _March_____, 1994.

_Darren Crasey_
Attorney for Defendant

CAUSE NO. 9403201

| STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GERALD ELDRIDGE | § | 178TH JUDICIAL DISTRICT |

## DEFENDANT'S SECOND MOTION TO SET ASIDE THE INDICTMENT (UNCONSTITUTIONALITY OF STATUTE)

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, the Defendant, G. ELDRIDGE by and through his attorneys of record, and moves to set aside the indictment, and for good cause shows the following:

I.

The Texas capital punishment scheme, which limits the jury to consideration of the special issues, does not permit the jury to consider and give effect to all the mitigating circumstances which exist concerning Defendant, in violation of the Eighth and Fourteenth Amendments to the United States Constitution, and Article I, §§10, 13 and 19 of the Texas Constitution. See, Penry v. Lynaugh, 109 S.Ct. 2934 (1989); Eddings v. Oklahoma, 455 U.S. 104 (1982); and Lockett v. Ohio, 438 U.S. 586 (1978).

DEFENDANT'S SECOND MOTION TO SET ASIDE THE INDICTMENT (UNCONSTITUTIONALITY OF STATUTE), Page 1

000146

jury is unable to agree on a special verdict. And the article provides that nobody inform jurors that a failure to agree on a special issue will result in a life sentence. These provisions considered together violate the Eighth and Fourteenth Amendments of the United States Constitution and Article I §§10, 13 and 19 of the Texas Constitution for the following reasons:

1. Informing a juror that he <u>shall</u> answer the questions "yes" or "no" might reasonably cause this juror to shift his position to satisfy the requirements of the 12-0 rule.

2. The statutory prohibition against informing jurors of the impact of his individual vote relieves him of psychological responsibility for the jury's collective decision to impose death as punishment.

3. The statutory prohibition fails to provide the jury with accurate information concerning the sentencing process in Texas.

4. The statutory 10 vote prerequisite to a "no" response establishes an artificial numerical threshold which bears no relationship to conditions required by Texas law for assessment of a life sentence. <u>See</u> r. <u>Clary, Voting for Death: Lingering Doubts About the Constitutionality of Texas' Capital Sentencing Procedure</u>, 19 St.M.L.J. 353, 374-75 (1987).

## VI.

Under the Texas law, a capital jury may not be informed that Defendant would have to serve at least 35 years in prison before becoming

## IX.

The Texas death penalty scheme is unconstitutional in violation of the Eighth and Fourteenth Amendments of the United States Constitution and Article I §§10, 14 and 19 of the Texas Constitution, because it does not define the various terms and phrases used in the three special issues in ways that would permit the jury to give full mitigating significance to those terms.

## X.

The procedure by which the death penalty is imposed in Texas denies the Defendant protection from cruel and unusual punishment. A close analysis of the statute reveals that the system for imposition of the death penalty permits arbitrary and unchecked discrimination amounting to a denial of equal protection under the law. Pursuant to the provisions of the Texas statutes, two persons could commit capital offenses under similar circumstances, yet one could receive the death penalty and the other life imprisonment. The special issue submission pursuant to Article 37.071 provides no real standard for the guidance of juries in death penalty cases. Turning to the issues themselves, one can readily see that they are couched in nebulous terms that defy a realistic answer.

There is no properly defined policy for assisting jurors with the life and death question. The only guidance which the Court gives the jury

### XIII.

The statutes upon which said prosecution is based are violative of the Eighth Amendment to the United States Constitution and Article I §§13 and 19 of the Texas Constitution in that the death penalty is not a deterrent to future homicides.

### XIV.

Article 37.071 is violative of the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and Article I §§10, 13 and 19 of the Texas Constitution in that questions number one and three have already been answered by the jury in convicting the Defendant, and that whether there is a "probability" the Defendant would commit violent criminal acts in the future is a "vague" and indefinite inquiry because there is always some mathematical probability that any person might commit a violent act in the future and the statute provides no guidelines or other statutory limitations upon the factors to be considered by the jury in making that determination.

### XV.

Death by lethal injection is cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments of the United States Constitution and Article I §§10, 13 and 19 of the Texas Constitution.

of the United States Constitution and Article I §§10, 13 and 19 of the Texas Constitution.

## XX.

The Texas death penalty scheme does not properly narrow the class of persons eligible for the ultimate punishment in violation of the Eighth and Fourteenth Amendments of the United States Constitution and Article I §§10, 13 and 19 of the Texas Constitution.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this Honorable Court set aside the indictment herein and dismiss said cause, and for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Danise M. Crawford
TBA# 05020150
1112 Southmore Boulevard
Houston, Texas 77004
(713) 523-4050

F I L E D
KATHERINE TYRA
District Clerk

MAR - 7 1994

Time: 10:10 A.M.
Harris County, Texas
By_____
                    Deputy

Wayne T. Hill
TBA # 09656300
4615 Southwest Freeway, Suite 600
Houston, Texas 77027-7106
(713) 623-8312

ATTORNEYS FOR DEFENDANT
GERALD ELDRIDGE

CAUSE NO. 9403201

13/RK/982

| STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GERALD ELDRIDGE | § | 178TH JUDICIAL DISTRICT |

### ORDER ON DEFENDANT'S
### SECOND MOTION TO SET ASIDE THE INDICTMENT
### (UNCONSTITUTIONALITY OF STATUTE)

On this 7 day of MARCH, 1994, came on to be heard the Defendant's Second Motion to Set Aside the Indictment (Unconstitutionality of Statute), and after due consideration, the Court is of the opinion, and it is hereby ORDERED, that said Motion is:

_____ GRANTED

_____ DENIED, to which ruling Defendant timely excepts.

SIGNED this the 7 day of MARCH, 1994.

_William Harmon_
JUDGE PRESIDING

RECORDER'S MEMORANDUM:
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

ORDER ON DEFENDANT'S SECOND MOTION TO SET ASIDE
THE INDICTMENT (UNCONSTITUTIONALITY OF STATUTE), Page 1

000156

issue submitted under Subsection (b) of this article, it shall answer the following issue:

Whether, taking into consideration all of the evidence, including the circumstances of the offense, the defendant's character and background, and the personal moral culpability of the defendant, there is a sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment rather than a death sentence be imposed.

(f)    The court shall charge the jury that in answering the issue submitted under Subsection (e) of this article, the jury:

    (1)    shall answer the issue "yes" or "no";

    (2)    may not answer the issue "no" unless it agrees unanimously and may not answer the issue "yes" unless 10 or more jurors agree.

## II.

This statute is unconstitutional for several reasons. It impermissibly shifts the burden of proof on mitigation to the Defendant in violation of Article I §10 of the Texas Constitution. Because the statute demands the defense produce "sufficient" mitigation, the burden is shifted to the Defendant. Further because the statute is not specific about the exact burden of proof, it really provides no meaningful guidance to the jury who

WHEREFORE, PREMISES CONSIDERED, Defendant prays this court will hold this statute unconstitutional, and for such other relief as Defendant may be entitled.

Respectfully submitted,

F I L E D

KATHERINE TYRA
District Clerk

MAR - 7 1994

Time: 10:00A

Harris County, Texas

By_____
Deputy

Danise M. Crawford
TBA# 05020150
1112 Southmore Boulevard
Houston, Texas 77004
(713) 523-4050


Wayne T. Hill
TBA # 09656300
4615 Southwest Freeway, Suite 600
Houston, Texas 77027-7106
(713) 623-8312

ATTORNEYS FOR DEFENDANT
GERALD ELDRIDGE

MOTION TO HOLD UNCONSTITUTIONAL V.A.C.C.P.
ARTICLE 37.071 SEC. 2(e) AND (f) - BURDEN OF PROOF, Page 4

000160

CAUSE NO. 9403201

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS   COUNTY,   TEXAS |
| | § | |
| GERALD ELDRIDGE | § | 178TH   JUDICIAL   DISTRICT |

### ORDER ON DEFENDANT'S MOTION TO HOLD UNCONSTITUTIONAL V.A.C.C.P. ARTICLE 37.071 SEC. 2(e) AND (f) - BURDEN OF PROOF

On this 7 day of __MARCH__, 1994, came on to be heard the Defendant's Motion to Hold Unconstitutional V.A.C.C.P. Article 37.071 Sec. 2(e) and (f) - Burden of Proof, and after due consideration, the Court is of the opinion, and it is hereby ORDERED, that said Motion is:

_____    **GRANTED**

_____✓_____    **DENIED**, to which ruling Defendant timely excepts.

SIGNED this the 7 day of __MARCH__, 1994.

_____
**JUDGE PRESIDING**

RECORDER'S MEMORANDUM:
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

ORDER ON DEFENDANT'S MOTION TO HOLD
UNCONSTITUTIONAL V.A.C.C.P. ARTICLE 37.071
SEC.  2(e) AND (f) - BURDEN OF PROOF, Page 1

000162

defendant, was irrelevant to the capital sentencing decision and created a constitutionally unacceptable risk that the jury would impose the death penalty in an arbitrary and capricious manner.

## II.

In <u>South Carolina v. Gathers</u>, 109 S.Ct. 2207, 2211 (1989), the Court agreed that the trial court committed reversible error in placing before the jury personal characteristics of the victim which were irrelevant to the circumstances of the crime.

## III.

It has long been recognized in Texas that it is error for the State to raise in the first instance the peaceable character of the deceased. <u>Armstrong v. State</u>, 718 S.W.2d 686, 695 (Tex.Cr.App. 1985).

## IV.

Because it is irrelevant and therefore inadmissible, Defendant moves in limine that the District Attorney, his representatives and witnesses, refrain from direct or indirect reference to the following matters, at voir dire, in the opening or closing statements, in the evidence portion of the trial, and otherwise:

MOTION IN LIMINE - CHARACTER OF
<u>THE COMPLAINANT - VICTIM IMPACT</u>, Page 2

allude to, cross-examine respecting, mention, or refer to any of the matters specified above, in the presence and hearing of the jury until a hearing has been held outside the presence of the jury to determine the relevance and admissibility of these matters.

Respectfully submitted,

_Danise M. Crawford_

Danise M. Crawford
TBA# 05020150
1112 Southmore Boulevard
Houston, Texas 77004
(713) 523-4050

**F I L E D**
KATHERINE TYRA
District Clerk

MAR - 7 1994

Time: _____
Harris County, Texas
By _____
                    Deputy

_Wayne Hill_

Wayne T. Hill
TBA # 09656300
4615 Southwest Freeway, Suite 600
Houston, Texas 77027-7106
(713) 623-8312

ATTORNEYS FOR DEFENDANT
GERALD ELDRIDGE

MOTION IN LIMINE - CHARACTER OF
THE COMPLAINANT - VICTIM IMPACT, Page 4

000166

CAUSE NO. 9403201

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GERALD ELDRIDGE | § | 178TH JUDICIAL DISTRICT |

## ORDER ON DEFENDANT'S
## MOTION IN LIMINE - CHARACTER OF THE
## COMPLAINANT - VICTIM IMPACT

On this 7 day of __MARCH__, 199 4, came on to be heard the Defendant's Motion in Limine - Charter of the Complainant - Victim Impact, and after due consideration, the Court is of the opinion, and it is hereby ORDERED, that said Motion is:

__✓__ GRANTED

_____ DENIED, to which ruling Defendant timely excepts.

SIGNED this the 7 day of __MARCH__, 199 4.

_William Harmon_
JUDGE PRESIDING

RECORDER'S MEMORANDUM:
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

ORDER ON DEFENDANT'S MOTION IN LIMINE
- CHARACTER OF COMPLAINANT - VICTIM IMPACT, Page 1

000168

## II.

The Defendant would ask the following questions of each venireman:

1.   Would the minimum length of time a defendant could serve in prison before he could be paroled be something you would want to know in answering the special issues?

2.   On which special issue would this be important?

3.   How would this 35-year minimum sentence be important to you in answering the special issues?

4.   Would you be more likely, or less likely, generally, to view a defendant as a continuing threat to society if you knew he would not be paroled for a minimum of 35 years?

WHEREFORE, PREMISES CONSIDERED, Defendant requests that Defendant be allowed to ask these specific questions of each prospective juror, and any follow-up question which may be necessary based on the venireman's responses.

Respectfully submitted,

Danise M. Crawford
TBA# 05020150
1112 Southmore Boulevard
Houston, Texas 77004
(713) 523-4050

Wayne T. Hill
TBA # 09656300
4615 Southwest Freeway, Suite 600
Houston, Texas 77027-7106
(713) 623-8312

ATTORNEYS FOR DEFENDANT
GERALD ELDRIDGE

**F I L E D**
KATHERINE TYRA
District Clerk

MAR - 7 1994

Time: 10:00 AM
Harris County, Texas
By_____ Deputy

MOTION TO VOIR DIRE ON PAROLE
LAW - 35 YEAR MINIMUM, Page 2

000170

CAUSE NO. 9403201

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GERALD ELDRIDGE | § | 178TH JUDICIAL DISTRICT |

## MOTION FOR EQUAL ACCESS TO BACKGROUND INFORMATION ON PROSPECTIVE JURORS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, G. ELDRIDGE Defendant in the above-styled and numbered cause, and files this Motion for Equal Access to Background Information on Prospective Jurors, and for such cause would show the Court as follows:

I.

The Defendant in indigent and does not have access to private and confidential information gathered by law enforcement agencies regarding arrests and convictions of prospective jurors.

MOTION FOR EQUAL ACCESS TO BACKGROUND
INFORMATION ON PROSPECTIVE JURORS, Page 1

WHEREFORE PREMISES CONSIDERED, the Defendant prays that the Court grant this Motion and provide the defense with equal access to background information on prospective jurors.

Respectfully submitted,

**F I L E D**
KATHERINE TYRA
District Clerk

MAR - 7 1994
Time: 10:00 a.m.
Harris County, Texas
By _____
Deputy

Danise M. Crawford
TBA# 05020150
1112 Southmore Boulevard
Houston, Texas 77004
(713) 523-4050

Wayne T. Hill
TBA # 09656300
4615 Southwest Freeway, Suite 600
Houston, Texas 77027-7106
(713) 623-8312

ATTORNEYS FOR DEFENDANT
GERALD ELDRIDGE

CAUSE NO. 9403201

STATE OF TEXAS          §          IN THE DISTRICT COURT OF
                        §
VS.                     §          HARRIS   COUNTY,   TEXAS
                        §
GERALD ELDRIDGE         §          178TH   JUDICIAL   DISTRICT

ORDER ON DEFENDANT'S
MOTION FOR EQUAL ACCESS TO BACKGROUND
INFORMATION ON PROSPECTIVE JURORS

On this the 7 day of MARCH , 199 4 , came

on to be heard the Defendant's Motion for Equal Access to Background

Information of Prospective Jurors, and after due consideration, Defendant's

Motion is hereby:

_____ ✓ _____          GRANTED

_____          DENIED, to which ruling Defendant timely
                         excepts.

SIGNED this the 7 day of MARCH , 199 4 .


_____William Harmon_____
JUDGE PRESIDING

RECORDER'S MEMORANDUM:
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

ORDER ON DEFENDANT'S MOTION FOR EQUAL ACCESS
TO BACKGROUND INFORMATION OF PROSPECTIVE JURORS, Page 1

000176

## II.

Specifically, the Defendant would ask each and every juror the following questions:

1.  To which special issues do you believe the victim impact testimony would be relevant?

2.  How is it relevant to that particular issue?

3.  Would you consider this impact testimony in your deliberations on guilt?

4.  Would this impact testimony cause you to reduce the State's burden of proof at either guilt or punishment? Could you promise me it would not do so?

WHEREFORE, PREMISES CONSIDERED, Defendant requests the opportunity to voir dire each and every venireman on the above-listed questions. The questions are necessary to render effective assistance of counsel and to allow the Defendant to intelligently exercise his peremptory challenges.

Danise M. Crawford
TBA# 05020150
1112 Southmore Boulevard
Houston, Texas 77004
(713) 523-4050

Wayne T. Hill
TBA # 09656300
4615 Southwest Freeway, Suite 600
Houston, Texas 77027-7106
(713) 623-8312

ATTORNEYS FOR DEFENDANT
GERALD ELDRIDGE

**F I L E D**
KATHERINE TYRA
District Clerk

MAR - 7 1994
Time: 10:60 A.M.
Harris County, Texas
By_____ Deputy

000178

CAUSE NO. 9403201    13/RK/987

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GERALD ELDRIDGE | § | 178TH JUDICIAL DISTRICT |

## ORDER ON DEFENDANT'S MOTION TO VOIR
## DIRE VENIREMAN ON VICTIM IMPACT TESTIMONY

On this 7 day of _MARCH_, 199 4, came on to be

heard the Defendant's Motion to Voir Dire Venireman on Victim Impact

Testimony, and after due consideration, the Court is of the opinion, and it

is hereby ORDERED, that said Motion is:

_____ GRANTED

_____✓_____ DENIED, to which ruling Defendant timely
            excepts.

SIGNED this the 4 day of _MARCH_, 199 4.

_William Harmon_
JUDGE PRESIDING

RECORDER'S MEMORANDUM:
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

ORDER ON DEFENDANT'S MOTION TO VOIR
DIRE VENIREMAN ON VICTIM IMPACT TESTIMONY, Page 1

000180

WRIT TO SERVE COPY OF VENIREMEN FOR THEWEEK  BEGINNING
MARCH 14, 1994

FILED: MARCH 9, 1994



16 2l 993

NO. 9403201

THE STATE OF TEXAS                                    IN THE _178_ DISTRICT COURT

COUNTY  OF  HARRIS                                    _February_ TERM, A.D. 19_94_

THE STATE OF TEXAS

To the Sheriff of Harris County, Greetings:

YOU ARE HEREBY COMMANDED to deliver forthwith to _____

_Gerald Cornelius Eldridge_ _____ in person, the

accompanying Certified Copy of the list of persons to serve as Veniremen, for the

week beginning _March 14_ , A.D. 19_94_ and including persons

summoned as Veniremen for _March 14_ , A.D. 19_94_ through

_March 18_ , A.D. 19_94_ , and being set for trial on the docket

of said Court in Cause No. _____ wherein THE STATE OF TEXAS is

Plaintiff and _Gerald Cornelius Eldridge_ _____

is defendant.

Herein Fail Not, but of this Writ make due return, showing how you have

executed the same.

WITNESS my hand and seal of office, at Houston Texas, this _9_ day of

_March_ , A.D. 19_94_ .

KATHERINE TYRA, DISTRICT CLERK
HARRIS COUNTY, T E X A S

By: _____ , Deputy

-------------------------------------------------------------------

SHERIFF'S RETURN

Came to hand _4th_ day of _March_ , 19_94_ , and executed _4th_ day of

_March_ , 19_94_ . By delivering to _____

_Gerald Cornelius Eldridge_ the within named

defendant, a certified copy of Veniremen, accompanying this Writ.

**F I L E D**
KATHERINE TYRA
District Clerk

Johnny Klevenhagen, Sheriff
Harris County, Texas                              MAR - 9 1994

By: _____ #15 , Deputy                     Time: _10:30AM_
                                                  Harris County, Texas

000182                                            By _____
CRM-88   02-24-92                                         Deputy

WRIT TO SERVE COPY OF VENIREMEN FOR THE WEEK NBEGINNING
MARCH 28, 1994

FILED: MARCH 23, 1994

JA07 6F4
SPN 00651025                NO.       9403201                    13/RIU/991 √NU

THE STATE OF TEXAS                        IN THE 178TH DISTRICT COURT

COUNTY OF HARRIS                          _____ TERM, A.D. 19____

THE STATE OF TEXAS

To the Sheriff of Harris County, Greetings:

     YOU ARE HEREBY COMMANDED to deliver forthwith to _____

_____ GERALD CORNELIUS ELDRIDGE _____ in person, the

accompanying Certified Copy of the list of persons to serve as Veniremen, for the

week beginning MARCH 28, _____, A.D. 19 94 and including persons

summoned as Veniremen for _____MARCH 28,_____, A.D. 19 94 through

___MARCH 31,_____, A.D. 19 94, and being set for trial on the docket

of said Court in Cause No. 9403201 _____ wherein THE STATE OF TEXAS is

Plaintiff and ___ GERALD CORNELIUS ELDRIDGE _____

is defendant.

     Herein Fail Not, but of this Writ make due return, showing how you have

executed the same.

     WITNESS my hand and seal of office, at Houston Texas, this 23RD ___ day of

_____ MARCH _____, A.D. 19 94 .

                                        KATHERINE TYRA, DISTRICT CLERK
                                        HARRIS COUNTY, T E X A S

                                        By: _____ Deputy

======================================================================

                              SHERIFF'S RETURN

Came to hand   9  day of   MARCH _____, 19 94, and executed  23 day of

MARCH _____, 19 94. By delivering to  ELDRIDGE, GERALD

CORNELIUS _____  FILED the within named

defendant, a certified copy of Veniremen, accompanying this Writ.

                                        1994 MAR 23  PM 2: 36

Johnny Klevenhagen, Sheriff                KATHERINE TYRA
Harris County, Texas                       DISTRICT CLERK
                                           HARRIS COUNTY, TEXAS
By: P.A. Busch _____, Deputy          1994 MAR 23  PM 2: 36

                                                          DEPUTY

CRM-88   02-24-92
000184

1  CAPITAL MURDER JURY STRIKE LIST

2  FILED: APRIL 11, 1994

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34

DEFENDANT: _____ CHARGE: _____

DATE: _____

STATE CHALLENGES:                    DEFENSE CHALLENGES:

1. _____                   1. _____
2. _____                   2. _____
3. _____                   3. _____
4. _____                   4. _____
5. _____                   5. _____
6. _____                   6. _____
7. _____                   7. _____
8. _____                   8. _____
9. _____                   9. _____
0. _____                   10. _____
1. _____                   11. _____
2. _____                   12. _____
3. _____                   13. _____
4. _____                   14. _____
5. _____                   15. _____

THE JURY

1. _____                   7. _____
2. _____                   8. _____
3. _____                   9. _____
4. _____                   10. _____
5. _____                   11. _____
6. _____                   12. _____

CHALLENGE FOR CAUSE

1. Arremeatia Justice MAR. 8 1994 (State)
2. Laura Brideman Craig MAR. 9 1994 (excused)
3. Henry J. Stone II MAR. 9 1994 (excused)
4. Marsha Elaine Clayborne MAR. 9 1994
5. Dorothy Hawkins MAR. 9 1994 (excused)
6. Stanley Eugene Herr MAR. 9 1994 (excused)
7. Angela Felice Mitchell MAR. 9 1994
8. Patrick M. Kenady MAR. 9 1994 (excuse)

9. Bobby Dean Wilson MAR. 9 1994 (excuse)
10. Edward Ray Singleton MAR. 9 1994 (excuse)
11. Rita K Mehta MAR. 9 1994 (excused)
12. John Joseph Sisler MAR. 1 0 1994 (excused)
13. Francis Lawrence Gannon MAR. 1 0 1994 (excused)
14. Martha Hutton Lanah MAR. 1 0 1994 (excused)
15. Robert F. Burns MAR. 1 0 1994 (excused)
16. Marianne Berdes Smith MAR. 1 0 1994 (excused)

000188

DEFENDANT: _____ CHARGE: _____

DATE: _____

STATE CHALLENGES:                    DEFENSE CHALLENGES:

1. _____              1. _____
2. _____              2. _____
3. _____              3. _____
4. _____              4. _____
5. _____              5. _____
6. _____              6. _____
7. _____              7. _____
8. _____              8. _____
9. _____              9. _____
0. _____             10. _____
1. _____             11. _____
2. _____             12. _____
3. _____             13. _____
4. _____             14. _____
5. _____             15. _____

THE JURY

1. _____              7. _____
2. _____              8. _____
3. _____              9. _____
4. _____             10. _____
5. _____             11. _____
6. _____             12. _____

CHALLENGE FOR CAUSE

1. Dorothy Escatter  MAR 1 5 1994  A     9. Jerry Kennedy  MAR 1 5 1994  A
2. Jerry Novorad  MAR 1 5 1994  A       10. Vernon Simpson  MAR 1 5 1994  A
3. Jerry Olson-Ku  MAR 1 5 1994  A      11. Gary VanPelt  MAR 1 5 1994  A
4. Mirlinda Gonzalez  MAR 1 5 1994  A   12. Bonnie Lou Prenat  MAR 1 5 1994
5. Lisa Jean  MAR 1 5 1994  A           13. Marlene Gill  MAR 1 5 1994  A
6. John Meijers  MAR 1 5 1994  A        14. James Houck  MAR 1 5 1994  A
7. Llewellyn Reagan  MAR 1 5 1994  A    15. John Mahony  MAR 1 5 1994  A
8. Kenneth Beanese  MAR 1 5 1994  A     16. Samuel Ross  MAR 1 5 1994  A

000190

DEFENDANT: _____ CHARGE: _____

DATE: _____

STATE CHALLENGES:

1. _____
2. _____
3. _____
4. _____
5. _____
6. _____
7. _____
8. _____
9. _____
0. _____
1. _____
2. _____
3. _____
4. _____
5. _____

DEFENSE CHALLENGES:

1. _____
2. _____
3. _____
4. _____
5. _____
6. _____
7. _____
8. _____
9. _____
10. _____
11. _____
12. _____
13. _____
14. _____
15. _____

THE JURY

1. _____
2. _____
3. _____
4. _____
5. _____
6. _____
7. _____
8. _____
9. _____
10. _____
11. _____
12. _____

CHALLENGE FOR CAUSE

1. Lewis H. Augspurger      MAR. 2 8 1994   A
2. Kathleen Lamkin          MAR. 2 9 1994   A
3. Gilbert Menius           MAR. 2 9 1994   A
4. Jim W. Remmert           MAR. 2 9 1994   A
5. Carla Kittrell           MAR. 2 9 1994   A
6. Lee Murray               MAR. 2 9 1994   A
7. Sheri H. Baked           MAR. 2 9 1994   C
8. Nancy K. Cloutier        MAR. 2 9 1994   A

9. Marlene J. Jensen        MAR. 2 9 1994   A
10. Doris E Finly           MAR. 2 9 1994   A
11. Danny Stephenson        MAR. 2 9 1994   A
12. Jerelyn Hill            MAR. 2 9 1994   A
13. Gregg Helmerwood        MAR. 2 9 1994   A
14. Rodrick Rickett         MAR. 2 9 1994   A
15. Lewiss Augspurger       MAR. 2 9 1994   A
16. George Daum             MAR. 2 9 1994   A

000192

DEFENDANT: _____     CHARGE: _____

DATE: _____

STATE CHALLENGES:                    DEFENSE CHALLENGES:

1._____                   1._____
2._____                   2._____
3._____                   3._____
4._____                   4._____
5._____                   5._____
6._____                   6._____
7._____                   7._____
8._____                   8._____
9._____                   9._____
0._____                   10._____
1._____                   11._____
2._____                   12._____
3._____                   13._____
4._____                   14._____
5._____                   15._____

THE JURY

1._____                   7._____
2._____                   8._____
3._____                   9._____
4._____                   10._____
5._____                   11._____
6._____                   12._____

CHALLENGE FOR CAUSE

1. David W. McBee  MAR 3 0 1994  A      9. Joanne C. Jackson  MAR 3 1 1994  A
2. Patricia Aldaco  MAR 3 0 1994  A     10. Angela Jackson  APR.- 4 1994  A
3. Mary C. Long  MAR 3 0 1994  A        11. Janet P. Blackburn  APR.- 4 1994  A
4. Alwinder Singl  MAR 3 1 1994  A      12. James L. Hinze  APR.- 4 1994  A
5. Kathryn I. Roszell  MAR 3 1 1994  A  13. Donald W. Griffith  APR.- 4 1994  C
6. Ruben Lara  MAR 3 1 1994  A          14. Kathleen Livingston  APR.- 4 1994  A
7. Guadalupe Aguilar  MAR 3 1 1994  A   15. Frank J Clement  APR.- 4 1994  A
8. Dorothy Hester  MAR 3 1 1994  A      16. Susan S. Mahoney  APR.- 5 1994  A

000194

DEFENDANT: _____     CHARGE: _____

DATE: _____

STATE CHALLENGES:

1._____
2._____
3._____
4._____
5._____
6._____
7._____
8._____
9._____
0._____
1._____
2._____
3._____
4._____
5._____

DEFENSE CHALLENGES:

1._____
2._____
3._____
4._____
5._____
6._____
7._____
8._____
9._____
10._____
11._____
12._____
13._____
14._____
15._____

THE JURY

1._____
2._____
3._____
4._____
5._____
6._____

7._____
8._____
9._____
10._____
11._____
12._____

CHALLENGE FOR CAUSE

1. Tonja Dennis        APR.- 6 1994   A
2. Michael Heath       APR.- 6 1994   A
3. Dwight D. Bendle    APR.- 6 1994   A
4. Pamela Mosley       APR.- 6 1994   A
5. Jackie Collins      APR.- 6 1994   A
6. Nell Meadows        APR.- 6 1994
7. Amada Perez         APR.- 6 1994   A
8. Candace Lopez       APR.- 6 1994   A

9. Gregory McCann      APR.- 6 1994   A
10. April Chandler     APR.- 7 1994   A
11. Rupert Biddie      APR.- 7 1994   A
12. Veloria B. Ulmer   APR.- 7 1994   A
13. Garry Price        APR.- 7 1994   A
14. Teresa Maple       APR.- 7 1994   A
15. Sheila Hassock     APR.- 7 1994   A
16. Coraliss D. Spriggins  APR.- 7 1994   A

000196

DEFENDANT: _____     CHARGE: _____

DATE: _____

STATE CHALLENGES:                    DEFENSE CHALLENGES:

1._____                    1._____
2._____                    2._____
3._____                    3._____
4._____                    4._____
5._____                    5._____
6._____                    6._____
7._____                    7._____
8._____                    8._____
9._____                    9._____
0._____                    10._____
1._____                    11._____
2._____                    12._____
3._____                    13._____
4._____                    14._____
5._____                    15._____

THE JURY

1._____          7._____
2._____          8._____
3._____          9._____
4._____          10._____
5._____          11._____
6._____          12._____

CHALLENGE FOR CAUSE

1. Gary Long        APR - 8 1994    A
2. James Goodyear   APR - 8 1994    A
3. Carolyn Baker    APR - 8 1994    A
4. Walter H. Wells  APR - 8 1994    A
5. James L. Vallery APR - 8 1994    A
6. Helen Cranmer    APR - 8 1994    A
7. Raymundo Trevino APR - 8 1994    C
8. Betty Moore      APR - 8 1994

9. Debra Walichowski APR - 8 1994   C
10. Thomas Shallue   APR - 8 1994
11. Steven Gwaltney  APR - 8 1994   A
12. David Olson      APR - 8 1994   A
13. Esteban Plata    APR - 8 1994   A
14. Jill Trapp       APR - 8 1994   A
15. Mary Solis       APR - 8 1994   A
16. Junelle Nowacki  APR - 8 1994

000198

CAUSE NO. 9403201
TRANSCRIPT REQUEST
PAGE NO. 2


WHEREFORE, PREMISES CONSIDERED, Defendant requests that said record be provided without delay so that defendant may properly protect his rights and to allow below signed attorney to render effective assistance.

**F I L E D**

KATHERINE TYRA
District Clerk

APR 1 3 1994

Time: 11:50 AM
Harris County, Texas

By _____ Deputy

Respectfully submitted,

_~Denise M Crawf~_

DENISE M. CRAWFORD
BAR NO. 05020150
1112 Southmore Boulevard
Houston, Texas 77004
(713) 523-4050
ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE


I, DENISE M. CRAWFORD, do hereby certify that a true and correct copy has been served upon the Assistant District Attorney, at 201 Fannin, Houston, Texas, by U.S. mail or hand delivery in open court on this ____ day of _____, 19___

_~Denise M Crawf~_

DENISE M. CRAWFORD


O R D E R


On the 13 day of _APRIL_____, 19___, came on to be heard the Defendant's Motion and Request for Transcript of testimony from the Contested Competency Hearing. The Court having heard the evidence and argument of counsel is the opinion that said Motion is hereby

( GRANTED ) DENIED.

_~William Harmon~_

JUDGE PRESIDING

RECORDER'S MEMORANDUM:
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

000200

### III.

The State has wholly failed to offer any evidence establishing that the Defendant caused the death of Chirrisa Bogany. The failure of the State to prove the corpus delicti in this matter entitles the Defendant to a Motion for Instructed Verdict of Not Guilty.

### IV.

The State failed to establish that any conduct alleged to have engaged in by the Defendant was done so "intentionally" with the requisite showing that the Defendant had the specific intent that the death of the Chirrisa Bogany occur.

### PARAGRAPH II OF THE INDICTMENT

### V.

The Defendant would show that the State has wholly failed to establish that the Defendant caused the death of Chirrisa Bogany as alleged in the indictment. The State's failure to establish the corpus delicti of this alleged crime entitles the Defendant to an instructed verdict of not guilty as to paragraph two of the indictment.

### VI.

The State failed to establish that any conduct alleged to have engaged in by the Defendant was done so "intentionally" with the requisite showing that the Defendant had the specific intent that the death of the Chirrisa Bogany occur.

### VII.

The State failed to establish that any conduct alleged to have engaged in by the Defendant was done so "intentionally" with the requisite showing that the Defendant had the specific intent that the death of the Cynthia Bogany occur.

### XII.

The State has failed to offer any evidence that the allegations contained in paragraph three of the indictment were committed by the Defendant pursuant to the same scheme and course of conduct. This failure entitles this Defendant to a Motion for Instructed Verdict of Not Guilty in reference to paragraph three of the indictment.

### XIII.

The State has failed to show or establish by competent evidence that the Defendant intentionally caused the death of Chirrisa Bogany in failing to establish that the Defendant had the specific intent to cause the death of Chirrisa Bogany when he allegedly shot Chirrisa Bogany.

WHEREFORE, PREMISES CONSIDERED, Defendant prays the Court grant this motion and instruct the jury to enter a finding of not guilty as to each of the three paragraphs contained in the State's indictment returned against the Defendant herein.

F I L E D
KATHERINE TYRA
District Clerk

APR 1 4 1994
Time: 11:05 AM
Harris County, Texas
By_____ Deputy

Respectfully submitted,

Danise M. Crawford
TBA# 05020150
1112 Southmore Boulevard
Houston, Texas 77004
(713) 523-4050

Wayne T. Hill
TBA # 09656300
4615 Southwest Freeway, Suite 600
Houston, Texas 77027-7106
(713) 623-8312

ATTORNEYS FOR DEFENDANT
GERALD ELDRIDGE

Motion for Instructed Verdict of Not Guilty     Page 4

CAUSE NO. 9403201

| STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GERALD ELDRIDGE | § | 178TH JUDICIAL DISTRICT |

### ORDER

On this 14 day of APRIL, 1994, came to be heard Defendant's Motion

for Instructed Verdict of Not Guilty in this cause. It is the Order of this Court that the

Defendant's Motion for Instructed Verdict of Not Guilty be granted or denied as to the following

paragraphs contained in the indictment:

Defendant's Motion for Instructed Verdict of Not Guilty as to
Paragraph I of the Indictment is hereby (GRANTED)(DENIED).

Defendant's Motion for Instructed Verdict of Not Guilty as to
Paragraph II of the Indictment is hereby (GRANTED)(DENIED).

Defendant's Motion for Instructed Verdict of Not Guilty as to
Paragraph III of the Indictment is hereby (GRANTED)(DENIED).

SIGNED this 14 day of APRIL, 1994.

Honorable William T. Harmon
Judge Presiding
178th District Court
Harris County, Texas

Motion for Instructed Verdict of Not Guilty                    Page 6

000206

1    DEFENDANT"S REQUESTED JURY INSTRUCTION

2    FILED: APRIL 18, 1994

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

33

34