# United States District Court
# Southern District of Texas

Case Number: __OSCV 1847__

## ATTACHMENT

Description:

☐ State Court Record      ☑ State Court Record Continued

☐ Administrative Record

☑ Document continued - Part __7__ of _____

☐ Exhibit to: _____
　　　　　number(s) / letter(s) _____

Other: _____

_____

_____

1　CHARGE OF THE COURT ON GUILT OR INNOCENCE

2　FILED: APRIL 14, 1994

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

33

34

mere preparation that tends, but fails, to effect the commission of the offense intended.

"Theft" is the unlawful appropriation of property with intent to deprive the owner of said property.

"Appropriate" and "appropriation" means to acquire or otherwise exercise control over property other than real property. Appropriation of property is unlawful if it is without the owner's effective consent.

"Property" means tangible or intangible personal property, or a document, including money, that represents or embodies anything of value.

"Deprive" means to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner.

"Effective consent" means assent in fact, whether express or apparent, and includes consent by a person legally authorized to act for the owner. Consent is not effective if induced by force, threats, deception or coercion.

"Owner" means a person who has a greater right to possession of the property than the defendant.

"Possession" means actual care, custody, control, or management of the property.

"Deadly weapon" means a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

"Bodily injury" means physical pain, illness, or any impairment of physical condition.

"Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

A person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result.

from the evidence beyond a reasonable doubt that on the occasion in question the defendant intentionally or knowingly caused the death of Chirrisa Bogany and Cynthia Bogany by shooting Chirrisa Bogany and Cynthia Bogany with a deadly weapon, namely, a firearm, and the defendant committed the murders pursuant to the same scheme and course of conduct you cannot convict the defendant of the offense of capital murder.

Now, if you find from the evidence beyond a reasonable doubt that in Harris County, Texas, on or about the 4th day of January, 1993, the defendant, Gerald Cornelius Eldridge, did then and there unlawfully while in the course of committing or attempting to commit the burglary of a habitation, owned by Cynthia Bogany, intentionally cause the death of Chirrisa Bogany by shooting Chirrisa Bogany with a deadly weapon, namely, a firearm; or if you find from the evidence beyond a reasonable doubt that in Harris County, Texas, on or about the 4th day of January, 1993, the defendant, Gerald Cornelius Eldridge, did then and there unlawfully intentionally or knowingly cause the death of Chirrisa Bogany by shooting Chirrisa Bogany with a deadly weapon, namely a firearm and during the same criminal transaction the defendant did then and there unlawfully, intentionally or knowingly cause the death of Cynthia Bogany by shooting Cynthia Bogany with a deadly weapon, namely a firearm; or if you find from the evidence beyond a reasonable doubt that in Harris County, Texas, on or about the 4th day of January, 1993, the defendant, Gerald Cornelius Eldridge, did then and there unlawfully intentionally or knowingly cause the death of Cynthia Bogany and Chirrisa Bogany by shooting Cynthia Bogany, and Chirrisa Bogany, with a deadly weapon, namely a firearm and the defendant committed the murders pursuant to the same scheme and course of conduct, then you will find the defendant guilty of capital murder as charged in the indictment.

A Grand Jury indictment is the means whereby a defendant is brought to trial in a felony prosecution. It is not evidence of guilt nor can it be considered by you in passing upon the question of guilt of the defendant. The burden of proof in all criminal cases rests upon the State throughout the trial and never shifts to the defendant.

All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that he has been arrested, confined, or indicted for, or otherwise charged with the offense gives rise to no inference of guilt at his trial. The law does not require a defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the defendant.

It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based on reason and common sense after a careful and impartial consideration of all the evidence in the case. It is the kind of doubt that would make a reasonable person hesitate to act in the most important of his own affairs.

Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions, you will acquit him and say by your verdict "Not Guilty."

CAUSE NO. 9403201

| THE STATE OF TEXAS | § | IN THE 178TH DISTRICT COURT |
| VS. | § | OF HARRIS COUNTY, TEXAS |
| GERALD CORENLIUS ELDRIDGE | § | FEBRUARY TERM, A. D., 1994 |

### V E R D I C T

"We, the Jury, find the defendant, Gerald Cornelius Eldridge, guilty of capital murder, as charged in the indictment."

**F I L E D**
KATHERINE TYRA
District Clerk

APR 1 4 1994

Time: 2:50 PM
Harris County, Texas
By_____ Deputy

_____
Foreman of the Jury

ROBERT E. JOHNSON
_____
(Please Print) Foreman

"We, the Jury, find the defendant, Gerald Cornelius Eldridge, not guilty."

_____
Foreman of the Jury

_____
(Please Print) Foreman

000218

CAUSE NO. 9403201

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 178TH DISTRICT COURT |
| VS. | § | OF HARRIS COUNTY, TEXAS |
| GERALD CORNELIUS ELDRIDGE | § | FEBRUARY TERM, A. D., 1994 |

Members of the Jury:

By your verdict returned in this case you have found the Defendant, Gerald Cornelius Eldridge, guilty of the offense of capital murder, which was alleged to have been committed on or about the 4th day of January, 1993, in Harris County, Texas. In order for the Court to assess the proper punishment, it is necessary now for you to determine, from all the evidence in the case, the answers to certain questions, called "Special Issues," in this charge. The Court instructs you in answering these "Special Issues" as follows:

The mandatory punishment for the offense of capital murder of which you have found the Defendant guilty is death or confinement in the Texas Department of Criminal Justice, Institution Division, for life.

The State must prove Special Issue No. 1 submitted to you beyond a reasonable doubt, and you shall return a Special Verdict of "YES" or "NO" on Special Issue No. 1.

In deliberating on Special Issue No. 1 you shall consider all the evidence admitted at the guilt or innocence stage and the punishment stage of trial, including evidence of the Defendant's background, character, and the circumstances of the offense..

You may not answer Special Issue No. 1 "YES" unless you unanimously find beyond a reasonable doubt that the answer is yes.

You may not answer Special Issue No. 1 "NO" unless ten (10) or more jurors agree that the answer is no, or do not believe beyond a reasonable doubt that the answer is "Yes".

Members of the jury need not agree on what particular evidence supports a negative answer to Special Issue No. 1.

You are further instructed that you are not to be swayed by mere sentiment, conjecture, sympathy, passion, prejudice, public

**000220**

mitigating evidence that a life sentence, as reflected by an affirmative finding to Special Issue No. 2, rather than a death sentence, is an appropriate response to the personal culpability of the defendant, an affirmative finding should be given to Special Issue No. 2.

You are again instructed that you are not to be swayed by mere sentiment, conjecture, sympathy, passion, prejudice, public opinion or public feeling in considering all of the evidence before you in answering Special Issue No. 2.

During your deliberations, you are not to consider or discuss any possible action of the Board of Pardons and Paroles Division of the Texas Department of Criminal Justice or of the Governor.

During your deliberations upon the "Special Issues," you must not consider, discuss, nor relate any matters not in evidence before you. You should not consider nor mention any personal knowledge or information you may have about any fact or person connected with this case which is not shown by the evidence.

In arriving at the answers to the "Special Issues" submitted, it will not be proper for you to fix the same by lot, chance, or any other method than by a full, fair and free exchange of the opinion of each individual juror.

You are further instructed that if there is any evidence before you in this case regarding the Defendant having committed offenses other than the offense alleged against him in the indictment, you cannot consider this evidence for any purpose unless you find and believe beyond a reasonable doubt that the Defendant committed such other offenses, if any were committed, and even then you may only consider the same in determining the answers to the "Special Issues."

You are instructed that the Defendant may testify in his own behalf if he chooses to do so, but if he elects not to do so, that fact cannot be taken by you as a circumstance against him nor prejudice him in any way. The Defendant has elected not to testify in this punishment phase of trial, and you are instructed that you cannot and must not refer to or allude to that fact

You are the exclusive judges of the facts proved and the credibility of the witnesses and the weight to be given to their testimony, but you are bound to receive the law from the Court which has been given you and you are bound thereby.

**F I L E D**
KATHERINE TYRA
District Clerk

APR 1 8 1994

Time: 1:50PM
Harris County, Texas
By_____
Deputy

_William T. Harmon_

William T. Harmon, Judge
178th District Court
Harris County, TEXAS

## SPECIAL ISSUE NO. 2

Do you find from the evidence, taking into consideration all of the evidence, including the circumstances of the offense, the Defendant's character and background, and the personal moral culpability of the Defendant, Gerald Cornelius Eldridge, that there is a sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment rather than a death sentence be imposed?

### ANSWER

We, the jury, unanimously find that the answer to this Special Issue is "NO."

_____
Foreman of the Jury

### OR

We, the jury, because at least ten (10) jurors find that there is a sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment rather than a death sentence be imposed, find that the answer to this Special Issue is "YES."

_____
Foreman of the Jury

After the jury has answered each of the Special Issues under the conditions and instructions outlined above, the Foreman should sign the verdict form to be found on the last page of this charge.

000226

MINUTES OF THE **178th** DISTRICT COURT OF HARRIS COUNTY, TEXAS

AT THE **February** TERM, A.D. 19 **94**

JUDGMENT

NO. **9403201**

THE STATE OF TEXAS

VS **Gerald Cornelius Eldridge** Date **April 14** 19 **94**

Attorney for State : Asst. Dist. Atty. **Elsa Alcala / Don Smith**

Attorney for Defendant : **Denise Crawford / Wayne Hill**

Offense: **Capital Murder**

RECORDER'S MEMORANDUM:
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming

Date of Offense: **January 4,** A.D. 19 **93**

Plea: **Not Guilty**

Plea to Enhancement:

Findings on Enhancement: **NA**

Punishment: **Death**

The Defendant having been indicted in the above entitled and numbered cause for the felony offense indicated above and this cause being this day called for trial, the State appeared by her District Attorney as named above and the Defendant named above appeared in person with Counsel as named above, and both parties announced ready for trial.

A Jury composed of **Robert E. Johnson** and eleven others was selected, impanelled, and sworn. The indictment was read to the Jury and the Defendant, entered a plea of not guilty thereto, after having heard the evidence submitted; and having been charged by the Court as to their duty to determine the guilt or innocence of the Defendant and the argument of Court as to their duty to determine the guilt or innocence of the Defendant and the argument of counsel, the Jury retired in charge of the proper officer and returned into open Court on **April 14** , 19 **94** the following verdict, which was received by the Court and is here entered on record upon the minutes:

" We, the Jury, find the defendant, Gerald Cornelius Eldridge, guilty of Capital Murder, as charged in the indictment

/s/ Robert E. Johnson
Foreman of the Jury "

Thereupon, the Jury, in accordance with law, heard further evidence in consideration of punishment, and having been again charged by the Court, the jury retired in charge of the proper officer in consideration of punishment and returned into open Court on the **18th** day of **April** , 19 **94**, the following verdict, which was received by the Court and is here entered of record upon the minutes:

" Special Issue No. 1

Do you find from the evidence beyond a reasonable doubt that there is a probability that the defendant, Gerald Cornelius Eldridge, would commit criminal acts of violence that would constitute a continuing threat to society?

We, the Jury, unanimously find and determine beyond a reasonable answer doubt that the answer to this special issue is "Yes."

/s/ Robert E. Johnson
Foreman of the Jury "

000228
CRK-95 03-08-93

```
1   ---------------------------------------------------------------
2   RECORDED: VOLUME 1204 PSGE 767 COMBINED MINUTES OF THE
3   DISTRICT COURTS OF HARRIS COUNTY, TEXAS.
4   ---------------------------------------------------------------
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
```

# PAUPER'S OATH ON APPEAL

CAUSE NO.: _94032O1_  OFFENSE: _Capital Murder_

THE STATE OF TEXAS  SPN. No. 00651025  _178_ DISTRICT COURT

VS.  OF

_Eldridge, Gerald C._  _13/RR, 978, 977_

HARRIS COUNTY, TEXAS

TO THE HONORABLE JUDGE OF SAID COURT:

    NOW COMES _Gerald C. Eldridge_ , Defendant in the above styled and numbered cause, and respectfully petitions the Court to appoint counsel to represent him in said felony cause and would show to the Court that he is too poor to employ counsel, on appeal.

    Defendant further states under oath that defendant is without funds, property or income; that because of his poverty he is unable to pay for a transcript of the evidence which is necessary to be filed with the court of Criminal Appeals of the State of Texas;

    WHEREFORE, he prays that the Court appoint counsel to represent him on appeal and that the Court direct the Court Reporter to prepare a statement of facts, as provided by law, in question and answer form, for use on appeal.

**F I L E D**
KATHERINE TYRA
District Clerk

_Defendant's Signature Waived_
DEFENDANT

SUBSCRIBED AND SWORN to before me, this _19_ day of _April_ , A.D., 19__.

APR 19 1994
Time: _20 PM_
Harris County, Texas
By _R. Khaby_
    Deputy

_R. Khaby_
DEPUTY DISTRICT CLERK
_178_ DISTRICT COURT
HARRIS COUNTY, TEXAS

## ORDER APPOINTING COUNSEL ON APPEAL

    On this the _19_ day of _April_ , A.D., 19 _94_ , it appearing to the Court that the above named defendant has executed an affidavit stating that he is without counsel and is too poor to employ counsel, it is ordered that the attorney listed below is appointed to represent the above named defendant in said cause, on appeal.

_Henry K. Onken_
ATTORNEY

_6810 FM 1960 West Suite 100_
ADDRESS

_Houston TX  77069_
CITY  STATE  ZIP

_893-4747_
PHONE

_152 80000_
Bar Number

RECORDER'S MEMORANDUM:
This instrument is of poor quality and not satisfactory for photographic recordation; and/or alterations were present at the time of filming.

## ORDER TO PREPARE STATEMENT OF FACTS ON APPEAL

    This the _19_ day of _April_ , A.D., 19 _94_ , after hearing testimony on the above affidavit and it appearing that the defendant is entitled to the relief prayed for, it is ORDERED that the Court Reporter of this Court prepare a statement of facts in question and answer form of the testimony in said cause. It is further ORDERED that the clerk of this Court mail a copy of the Order to the Court Reporter: _Ida Gaugh_ , by certified mail return receipt requested.

_William Harmon_
JUDGE PRESIDING
_178_ DISTRICT COURT
HARRIS COUNTY, TEXAS

000282
DISTRICT CLERK

THE DEFENDANT, Elbridge
IN PERSON WITH COUNSEL Dennis Crawford/Wayne Hill
        APPEARED
COURT REPORTER: Don Smyth APPEARED FOR THE STATE
Elsa Dawsia
JUDGE PRESIDING: W.T. Johnson

Court came to order at 11:00 a.m. The jury was sworn.
Witnesses were sworn. Testimony began. Court recessed
for lunch at 12:30 pm. Court resumed at 1:45pm at which
time testimony continued. State rested for the
day at 5:42 pm. Jury excused until
9:30 a.m.

MAR 4 1984

THE DEFENDANT, Elbridge
IN PERSON WITH COUNSEL Dennis Crawford/Wayne Hill
        APPEARED
COURT REPORTER: Don Smyth APPEARED FOR THE STATE
Elsa Dawsia
JUDGE PRESIDING: W.T. Johnson

Court came to order at 10:30 p.m. Motion for mistrial
was made outside the presence of the jury, testimony from
the defense. Motion for mistrial was heard. Motion for
mistrial is denied. Court recessed for lunch at 12:30 pm.
Court resumed at 3:00 pm at which time testimony
continued. Court recessed for the day at 6:00 pm.

---

THE DEFENDANT, Elbridge
IN PERSON WITH COUNSEL Dennis Crawford/Wayne Hill
        APPEARED
COURT REPORTER: Don Smyth APPEARED FOR THE STATE
Elsa Dawsia
JUDGE PRESIDING: W.T. Johnson

Court came to order at 10:45 a.m. at
which time testimony began and
concluded at 12:30pm. Jury
was retired. Outside
the presence of the jury the
defense moved for an
instructed verdict of acquittal on
a portion of the suit for
reasons. Defense motion
the state argued that
the defendant to re-open
for instruction purposes.
Defense motion denied.
Court recessed for lunch at 12:30pm.
Court resumed at 2:05 pm.

Eric Sims #36, James Wesley Cunningham and D Dane Avril 200 excused
by Defense Challenge (both). Juror #39 William Alexander Mosen on the first panel
was excused by agreement. Juror #32 Nettie Smith Odoms from the first
panel was excused by agreement & released from jury service. Juror #
43 Mary Carter Knox was excused - did not read or
write English. Understand the English language. At 4:30 pm, 50 prospective
jurors were brought in and asked to return on various dates later
in the week. At 3:40 pm, Juror #30, Crumb, was excused by State Challenge for Cause
At 4:30 pm, Juror #33, Kennedy, was excused by State Challenge for Cause
At 4:55 pm, Juror #44, Johnson, was excused by State Challenge for Cause.

MAR. 8 1984

THE DEFENDANT, _____ APPEARED
IN PERSON WITH COUNSEL, _____
_____ APPEARED FOR THE STATE.
COURT REPORTER: _____
JUDGE PRESIDING: _____

Out court to order at 10:00 am. The defense made a motion to quash the jury panel
but denied. Motion. Juror #1 - Robert Allen Carpenter was called for voir dire.
Both sides agreed to accept this juror. Court recessed for lunch at 12:00 pm.

GENERAL ORDERS OF THE COURT

000236

**THE DEFENDANT,**

IN PERSON WITH COUNSEL _____ APPEARED

COURT REPORTER: _____ APPEARED FOR THE STATE

JUDGE PRESIDING: W. Harmon

Court came to order at 10:00 a.m. Juror #12 —
Laura Buchanan Cruise who called for voir dire.
Both sides agreed to release this juror. Juror #9
was also released by agreement. At 11:10 a.m.
Juror #13 — Clarence Joseph Pickins was called
for voir dire. Both sides accepted this juror.
Court recessed for lunch at 1:30 pm. Court resumed
at which time Juror #16 — Marie Diane Cheyenne
was called for voir dire. Both sides agreed to
excuse this juror. Both sides also agreed to
excuse Jurors #22, 23 + 24. At 2:45 pm
Juror #17 — Patrick M. Crosby who called for
voir dire. Neither side agreed to strike this
juror. State did not elect Court grant stipulation.
Both sides also agreed to excuse Juror #18 + 20.
At 4:00 Juror # 21 was called for voir dire.
Both sides agreed to release this juror.
Court recessed for the day.

---

**THE DEFENDANT,**

IN PERSON WITH COUNSEL _____ APPEARED

COURT REPORTER: _____ APPEARED FOR THE STATE

JUDGE PRESIDING: W. Harmon

Court came to order at 10:00 a.m.
Juror #25 — John Joseph Siebe was
called for voir dire. Both sides agreed
to release this juror. Both sides also
agreed to release Jurors #31 & 37.
At 10:30 a.m. Juror #27 — Robert E. Burns was
called for voir dire. Both sides agreed to
release this juror. At 11:30 a.m. Juror #28 —
Maureen Virden Smith who called for
voir dire. Both sides agreed to release
this juror. At 11:35 a.m. John Wesley Behanan
who called for voir dire. State grants
motion to release this juror. Court release
had no objection. Court excused this
juror for cause. Court recessed for lunch.
Court resumed at 1:45 pm at which time
Both sides agreed to release Jurors #34 + 44

MAR. 1 4 1994

Lunch at 12:00 noon. Court resumed at
2:05 p.m. at which time Cause # 45 — Suite
came on agreement of all parties relieved
barrel was called on [illegible]. The witness [illegible] adjourned and released
dismissed this Cause. Cause # 47, 48 + 58
were released by agreement

THE DEFENDANT, [illegible] APPEARED
PERSON WITH COUNSEL [illegible] APPEARED
[illegible] APPEARED FOR THE STATE
COURT REPORTER: [signature]
JUDGE PRESIDING: [signature]

MAR 15 1994

[right column continues]

at 3:20 p.m.

_as Defendant_ [illegible] Reporter

[illegible] APPEARED FOR THE STATE
[signature]

Court Reporter: [signature]

"Age Presiding"

March 14, 1994



Prospective juror # 113, David E.
Powell. At 3:30 pm juror # 113 was
excused by agreement by court
and named for the day.

At 10:40 AM the court returned to
order. At 10:50 am the Media Report
was made with prospective juror #
102. At 10:50 am the juror was excused
by agreement by both parties. And juror
# 111 was also excused by agreement by both
parties. At 10:55 voir dire began with
juror # 104, Barbara Burns. At 12:00
juror # 104, Barbara Burns. At 12:00
noon was excused by juror # 5. And
court recessed for lunch. At 1:30 pm
court returned to order. Voir dire began with
this same judge with prospective juror # 118, McCushman
juror #108. At 2:30 prospective juror # 118 was excused
at 2:30 pm juror # 110 was excused by
agreement. At 2:30 pm court began
voir dire with prospective juror # 110. At
3:00 pm juror # 112 was agreed at 3:00 pm
juror # 112 was agreed at — At 3:02 pm juror # 110
given the court began voir dire with

MAR 17 1994

THE DEFENDANT, did not appear     APPEARED
IN PERSON WITH COUNSEL [Crawford]

COURT REPORTER:  Odo Garcia          APPEARED FOR THE STATE

JUDGE PRESIDING:  Richmond

At 10:30 am the court returned to
order. Voir dire began with
prospective juror # 118, McCushman
At 10:30 juror # 118 was excused
at 10:30 am by agreement by both parties
with prospective juror # 119
Cleveland C. Labet. At 10:45 am
juror # 119 was excused by
agreement. At 10:45 am

GENERAL ORDERS OF THE COURT

000242

At 3:35 voir dire began with prospective juror #161. Brenda W. Whitehill. At 348 juror #160 was excused by the defense. At 3:50 am voir dire began with prospective juror #161. At 4:05 pm juror #131. At 4:05 pm juror #131 was excused. At 10:51 am then #131 was excused. Other prospective jurors #158 was also excused.

Court recessed for the day at 4:45 pm.

At 2:00 pm voir dire court came to order. Voir dire began with prospective juror #139 at 2:10 time. At 2:15 #139 was excused by agreement. At 2:20 pm voir dire began with prospective juror #141. Juror #141 was excused by agreement. At 2:30 pm the voir dire began with prospective juror #142. At 3:00 pm juror #142 was excused by agreement.

Court came to order @ 10:20 am. At 10:20 am it agreed that jurors #134 + 135 be excused it was also agreed that jurors #140 + 143 be excused then @ 10:21 voir dire began with prospective juror #193. At 10:32 am he was excused by agreement. At voir dire began with prospective juror

MAR 31 1994

Took our noon hour recess.
Juror #153, Juror #171 was
excused by agreement at the time also
At 2:45 P.M. Juror #153 was excused
by agreement. Juror 2:45 P.M. have
also been with prospective Juror 197.
At 2:50 the Juror was excused
by agreement. At 2:30 P.M. was also
began with prospective Juror #159.
But afternoon begin in cross
Upon this also. Court recess this
Walking to cross Defense selective
to Court begin to select Walking.
Just recessed. Defense selective
selective. At 3:28 P.M. #159.
After jury with prospective
Juror 160. At 4:05 P.M. this juror
then excused by agreement.
At 4:15 P.M. then this juror with
Alternative Juror #162. At 4:26 P.M. this
Juror was excused during the recess. At
2:30 you also begin with Juror #163.
At 4:45 Juror #163 was excused by

At 4:52 P.M. by agreement, No.
with prospective Juror 166, 169.
Juror 170 was excused by agreement
have been with prospective Juror 197.

At 11 P.M. Juror 197 + 199 Juror
with prospective Juror. At 1:30 P.M.
Juror Also by agreement Juror 193. By
agreement of Prospective. This Juror have
Juror. At 1:40 P.M. New this juror
with prospective Juror 175. This
Juror was excused. At 1:45 P.M. just began
At 1:45 P.M. New also began with
Juror 175. This Juror under Juror
by agreement. At 1:50 P.M. this
Juror with prospective Juror
#178. At 2:05 P.M. this Juror was
excused by agreement

At 3:50pm this Alt. Juror ... Prospective Juror #55. At
Alt. Prospective Juror #51. 1:58pm this Juror was excused
At 4:05pm this Juror was excused ... At 1:58pm this
by agreement. At 4:00pm this ALT. Juror ... Prospective Juror
Alt. Juror ... Alt. Prospective #54. At 2:15pm this Juror was
Juror #52. At 4:15pm this Juror ... At 2:15pm
was excused by agreement. this Alt. Juror ... Juror #61 was
excused ... Alt. Prospective Juror
#57. At 2:25pm this Juror was
excused by agreement. Juror #62

At 10:57am this Alt. Clerk Juror ... was excused by agreement. Juror #63
Alt. Prospective Juror #53. At At 2:30pm this Alt. Juror was
11:40 Am this Juror was ... Prospective Juror #61. At 2:42am
Alt. Juror #54 as Alt. ... this Juror was excused by the
Juror #6. Juror #54 was ... Juror was excused. At 3:42pm Juror was
excused by agreement. At ... Juror with Prospective Juror #62
1pm this Alt. Juror ... Juror #62 was excused by agreement
Prospective Juror #62. At
2:10 this Juror was excused by
agreement. At 1:45pm Juror ...
At 07 this Juror was excused by agreement
At 1:45pm this Juror was excused by agreement

APR - 5 1994

APR - 6 1994

GENERAL ORDERS OF THE COURT

000248

D 8C030  Pg.2

At 3:15 PM this voir dire began with ... resumed by agreement ...
Defendant's Exhibit #87 at 4:30 pm ... at 12:54 pm this voir dire began ...
Voir dire suit accepted by ... Voir dire will proceed at ...
Voir dire will go from #10 ... 9:10 pm ... from 5, 7, 8 & 9 next ...
By agreement & further justice ... without jur agreement ... from #11 ...
Exhibits #83 two witnesses ... counsel will examine ... from #11 ...
... without jur witnesses ... Quevo were witnesses
... and without at 8:15 pm at ...

8:15 pm Voir dire began with
... & Defendant's Exhibit #1 from witness

By agreement of both parties ... this agreement ... Quevo Ho witness
... # 90, 91, 92, 94, 95, 96, ... jur agreement the 2:30 pm jur
By further witness. At 10:30 pm ... voir dire began with prospective jur
... this voir dire began with ... #2. We 2:45 pm this jury will
... witness #85 Quevo witness ... without this agreement from #3
... by agreement at 10:30 pm ... without jur agreement ... from 2:45 pm
... by agreement ... this voir dire began with prospective
... At 93, 94, 95, 98 until 99 ... Exhibit #4 at 13:10 pm the witness
At 10:30 pm this will begin ... without this jury from 3:10 pm
... prospective ... #88 Voir dire began with prospective
At 10:45 pm voir dire began with ... without witness ...
By the state ... from 12, 94 at 10 ... without by the witness

Challenge granted by the Court... at 10:30 AM. Voir Dire began at 2:15 PM. Voir Dire first began with prospective Juror #30. This with prospective Juror #18. At juror who passed the agreement. 2:30 PM this Juror was excused... at 10:34 AM. Voir Dire began with prospective Juror #31. His agreement. At 2:32 PM with prospective Juror #31, who their Voir Dire with prospective #31 Who Voir Dire began with the juror who Juror began at 4:50 PM 10:45 AM Voir Dire began who this juror was accepted by Prospective Juror #32 passed the juror as Juror #12. At passed... the court 5:12 PM Voir Dire began with prospective at 2:05 PM the lunch Juror #22. Before challenge adjourned to... at 2:08 PM. Before challenge granted by ... at 2:08 PM... entered the... agreement. Juror #28 was excused by who recognized as the defendant agreement to which the adjournment to which an... recognized into open court and who Juror... At 2:32 PM, Juror who was sworn...

April 11, 1984.—

At 10:00AM the court returned
to rule and testimony
resumed. Court recessed
for lunch at 12:45PM.
At 2:15PM the court returned         At      the court
to rule and testimony                returned to rule. And the jury
resumed. At 5:35PM the               defense then the defendant
court recessed for the day.          wished to which the court denied
                                     on the motion. Defense rested.
                                     defendant objected to his attorney
                                     resting his case. Court overruled
At 10:30AM the court returned        on the record. Defense
to rule and testimony resumed        then reopened to the court
At 12:50PM the court recessed for    brief. Court ruled as to closed
lunch. At 2:54PM the court           on the court reporter
returned to rule and testimony       note. At 11:14AM the jury returned
resumed. At 3:40PM the State         into open court. At 8:16 AM
rested. Court recessed               the defense rested. At 11:17AM
returned for the day.                the court charged the jury.

000254

APR 15 1984

APR 1 8 1984

Guilty. Jury was retired. At 4:30pm the jury returned into open court for the pronouncement phase of trial. The defendant elected not to be present for this phase of the trial. Witnessed jurors and rules invoked. At 4:34pm the State began testimony at 6:15pm the Court recessed for the day.

At 10:00 AM the Court returned to order and testimony resumed. At 12pm the Court recessed for lunch. At 1:45pm the Court returned to order and testimony resumed. At 2:30pm the

At 11:30Am the Court returned to order and testimony resumed. At 11:53am the State rested. Witness the Jury into retired. Witness the presence of the Jury the defense moved for a mistrial, which to which the Court denied. At 10:03 pm the Court returned to order and the Jury returned into open court. At 1:03pm the Jury began deliberations.

APR 19 1998

THE DEFENDANT FILED A NOTICE OF APPEAL
THE COURT APPOINTED _____
AS COUNSEL FOR THE DEFENDANT

Appointed On Appeal

Came on to be heard Arguments of the defense
in favor trull punishment. Argument sentenced to
At 6:35pm the State moves
clerk

On opening statement and
concluded at 7:10pm. At 7:10pm
the defense closed arguments and
concluded 7:35pm. At 7:35pm
the State of Texas began
closing arguments and
concluded 8:05pm. At 8:05pm
the jury was retired to
deliberate on issue of
punishment. At 9:00pm
the jury returned into open
court with a punishment
verdict in which special
Issue #1 No: Special was
#2 Answer No: Jury was
polled at the request

000258

CERTIFICATE

OF THE

CLERK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34

THE STATE OF TEXAS          X          IN THE 178TH DISTRICT COURT

COUNTY OF HARRIS          X          OF HARRIS COUNTY, T E X A S

    I, KATHERINE TYRA, Clerk of the Court of Harris County,
Texas, do hereby certify that the above and foregoing
proceedings, instruments and other papers contained in Volume
____I____ Pages 1 - 260 inclusive, to which this
certification is attached and made a part thereof, are true
and correct copies of all proceedings, instruments and other
papers specified by Rule 51(a) and matters designated by the
parties pursuant to Rule 51(b) in Cause No. 9403201____,
styled The State of Texas vs. GERALD CORNELIUS ELDRIDGE
in said Court.

    GIVEN UNDER MY HAND AND SEAL of said Court, at Office in
Harris County, Texas, this 14 day of ____June____,
19 94.


                         KATHERINE TYRA

                         District Clerk

                         Harris County, Texas

                         By: _D. Norwood_____
                                        Deputy


AP/CR-8  R01-01-91
000260