# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| GERALD CORNELIUS ELDRIDGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-05-1847 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Institutions Divisions, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Gerald Cornelius Eldridge has filed an Amended Petition for a Writ of Habeas Corpus. Respondent Nathaniel Quarterman has filed a Motion for Summary Judgment. The Amended Petition raises only one claim for relief: that Eldridge is mentally retarded and, therefore, constitutionally ineligible for the death penalty.

Eldridge was convicted of capital murder on April 14, 1994 and sentenced to death. The Texas Court of Criminal Appeals affirmed his conviction on November 30, 1996 and denied rehearing on March 19, 1997. Eldridge did not petition for a writ of *certiorari*.

On March 30, 1998, Eldridge filed his initial state habeas corpus application. That application was still pending when the Supreme Court of the United States decided *Atkins v. Virginia*, 536 U.S. 304 (2002). In *Atkins*, the Supreme Court held that the Eighth Amendment prohibits the execution of the mentally retarded.

In *Bell v. Cockrell*, 310 F.3d 330 (5th Cir. 2002), the Fifth Circuit noted "the welter of uncertainty following *Atkins*," and stated that "inferior federal courts have no useful role to play until and unless following *Atkins*, a death sentence is reaffirmed or again imposed . . . by the state courts." *Bell*, 330 F.3d at 332-33. The Fifth Circuit concluded that "the state must be given the first opportunity to apply the Supreme Court's holding in order to insure consistency among state institutions and procedures . . . ." *Id*. at 333.

Eldridge filed a second state habeas corpus petition claiming that he could not be executed because of mental retardation. On February 9, 2005, the Texas Court of Criminal Appeals summarily dismissed that petition as an abuse of the writ. The parties agree that this dismissal was an adjudication on the merits of Eldridge's successive application.

The Texas Court of Criminal Appeals has established a threshold pleading requirement for successive habeas applications raising *Atkins* claims. A subsequent application must contain specific facts to support an applicant's *Atkins* claim. *See, e.g., Ex Parte Rivera*, No. 27065-02, 2003 WL 21752841 (Tex.Crim.App. July 25, 2003) at *2, *cert. denied sub nom. Rivera v. Texas*, 539 U.S. 978 (2003).

In support of his successive state petition, Eldridge submitted a report by a psychologist, Dr. Richard B. Austin. Dr. Austin evaluated Eldridge for competency and sanity before his trial. Although he did not evaluate Eldridge for mental retardation, Dr. Austin's report noted that, "[a]n estimate of his intelligence, based on the Wechsler Adult Intelligence Scale (WAIS-R), would arrive at an IQ of approximately 61, which is retarded, and in the lower five percent (5%) of the population. It is not likely that his IQ has at any

time been above the retarded level." Dr. Austin also noted that Eldridge exhibited signs of "a serious auditory perception problem which makes it difficult for him to process sounds." Eldridge stated that he could not read or write, which Dr. Austin noted appeared to be true by observation."

Under the Antiterrorism and Effective Death Penalty Act, federal habeas relief based on claims that were adjudicated on the merits by the state courts cannot be granted unless the state court's decision: (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Kitchens v. Johnson*, 190 F.3d 698, 700 (5th Cir. 1999). The implicit finding of the Texas Court of Criminal Appeals that Eldridge failed to make a *prima facie* case of mental retardation is objectively unreasonable in light of Dr. Austin's report, which indicates that Eldridge has, and has always had, a very low IQ and significant deficits in adaptive functioning. An evidentiary hearing is required on Eldridge's mental retardation claim.

A status conference will be held on **January 22, 2007 at 4:30 p.m.** in Courtroom 11B. At the conference, the parties will inform the court as to the time needed to prepare for an evidentiary hearing and the time needed to conduct the hearing.

SIGNED on January 5, 2007, at Houston, Texas.

                                             _____
                                                           Lee H. Rosenthal
                                                     United States District Judge

3