IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERALD CORNELIUS ELDRIDGE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. H-05-1847 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice-Correctional Institutions | § | |
| Division, | § | |
| | § | |
| Respondent. | § | |

**ORDER**

The petitioner, Gerald Cornelius Eldridge, a Texas death row inmate, has filed several discovery motions in connection with his claim that he is incompetent to be executed.

A.  <u>Motions To Videotape, And Allow Counsel To be Present During, Expert Evaluation</u>

Eldridge has filed motions for an order compelling the Texas Department of Criminal Justice ("TDCJ") to allow him to videotape the evaluation by the State's expert and to allow Eldridge's counsel to be present during that evaluation. Eldridge contends that videotaping the evaluation would assist this court in assessing the evaluation and the credibility of the expert's opinion. Eldridge cites no legal authority involving similar facts, but relies on cases supporting the general proposition that there is a due process right to a fair hearing on an incompetency claim. As to the motion for counsel to be present, the argument is that Eldridge might be uncooperative with the State's expert and his counsel's presence might be helpful in both inducing greater cooperation and in preventing the State's expert from interpreting any uncooperative behavior as evidence of malingering.

In opposition to these motions, the respondent cites TDCJ's security concerns, as well as guidelines from various mental health professional organizations advising against the physical or electronic presence of third parties during mental health evaluations.

Eldridge clearly has a right to a full and fair hearing on his claim. *See, e.g., Panetti v. Quarterman,* 551 U.S. 930, 948 (2007). That is why this court stayed his execution and has scheduled an evidentiary hearing. Eldridge does not demonstrate, however, that there is a basis for videotaping, or having his counsel present during, his mental health evaluation. Contrary to his claim that videotaping will enhance the reliability of this court's assessment, professional guidelines make clear that the presence of third parties may, in fact, reduce the validity of the evaluation by altering Eldridge's behavior or answers to questions. In light of these concerns, and TDCJ's obvious and legitimate security concerns, Eldridge's motions are denied.

### B. Motion For Notice

Eldridge has also filed a motion requesting that the respondent provide notice in compliance with Fed.R.Civ.P. 35(a)(2) for any examination of Eldridge. The respondent is unopposed but asks that Eldridge also comply with Rule 35(a)(2). This motion is granted.

### C. Motion To File *Ex Parte* And Under Seal

Eldridge has filed a motion for leave to file *ex parte* and under seal a motion to retain a video technician to record his evaluation. 18 U.S.C. § 3599(f) permits a petitioner to file an *ex parte* motion upon "a proper showing [of] . . . the need for confidentiality." In *Dowthitt v. Johnson*, No. H-98-3282, 1998 WL 1986954 (S.D. Tex. Dec. 2, 1998), the court ruled that the "proper showing" requirement is satisfied if the petitioner identifies generally the type of services needed and the broad issue or topic for which the services are necessary. *Id.* at *2. There is nothing in Eldridge's

motion showing a need for confidentiality. The motion does not contain any information covered by any privilege, attorney work product, or other information that must remain confidential. Indeed, Eldridge filed a separate, unsealed, motion for an order compelling the respondent to allow the videotaping, providing much of the information in the sealed motion. Eldridge's motion for leave to file *ex parte* and under seal is denied. Because the request to videotape is denied, the motion for funds for a video technician is also denied.

The petitioner's Motion For Order Directing TDCJ To Allow Videotaping Of Expert's Evaluation (Docket Entry 93), Motion For Order Allowing His Counsel To Be Present During State Expert's Evaluation (Docket Entry 94), Motion to Proceed *Ex Parte* and Under Seal (Docket Entry 88), and Sealed, *Ex Parte* Application For Authorization Of Funds To Hire Video Technician (Docket Entry 89), are denied. The Motion For Notice Of Any Expert Evaluation By The State (Docket Entry 95) is granted. Both the petitioner and the respondent must provide notice to the other party of any expert evaluation under Fed.R.Civ.P. 35(a)(2).

SIGNED on February 16, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge