IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GERALD CORNELIUS ELDRIDGE, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL NO. H-05-1847 |
| § | |
| RICK THALER, Director, § | |
| Texas Department of Criminal § | |
| Justice-Correctional Institutions § | |
| Division, § | |
| § | |
| Respondent. § | |

ORDER DENYING PETITIONER'S MOTION FOR AUTHORIZATION OF ADDITIONAL FUNDS FOR EXPERT ASSISTANCE

Petitioner Gerald Cornelius Eldridge, a Texas death row inmate, has filed a sealed, *ex parte* motion for additional funds for expert assistance. (Doc. No. 156). Although he did not seek leave to file *ex parte,* 18 U.S.C. § 3599(f) permits a petitioner to proceed on such a basis to seek expert assistance, on "a proper showing . . . of the need for confidentiality." In *Dowthitt v. Johnson*, No. H-98-3282, 1998 WL 1986954 (S.D. Tex. Dec. 2, 1998), the court ruled that the "proper showing" requirement is satisfied if the petitioner identifies generally the type of services needed and the broad issue or topic for which the services are necessary. *Id.* at *2. Eldridge's motion explains that he seeks expert assistance to help prepare a response to the State's answer to his petition. Leave to file *ex parte* is granted.

The standard for funding expert assistance is also found in 18 U.S.C. § 3599(f). Eldridge must show that the requested services are "reasonably necessary." This court has already granted Eldridge $7,500.00 for the services of this expert, Dr. Michael A. Roman. Eldridge now seeks

another $7,500.00 for Dr. Roman to rebut the State's expert report and for unspecified "services that Dr. Roman will inevitably provide in the future."

Eldridge has already received funds for Dr. Roman and other expert assistance far in excess of the statutory presumptive limits. This proceeding, which began with a stay of execution in November 2009, shortly before Eldridge's scheduled execution, has now gone on for more than 18 months. As counsel is well aware, any additional funding must be approved by the Chief Judge of the Fifth Circuit, which will inevitably cause even more delay. Eldridge has not demonstrated that more expert funding, in addition to the amounts already provided, is *reasonably* necessary, particularly for the unspecified nature of the work described. Accordingly, the petitioner's Motion For Authorization Of Additional Funds For Expert Assistance (Docket Entry 156) is denied.

SIGNED on June 9, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge