IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GERALD CORNELIUS ELDRIDGE, | § |
| Petitioner, | § |
| v. | § CIVIL NO. H-05-1847 |
| RICK THALER, Director, Texas Department of Criminal Justice-Correctional Institutions Division, | § |
| Respondent. | § |

ORDER DENYING PETITIONER'S MOTION TO EXCLUDE

This court has conducted two days of an evidentiary hearing to determine whether petitioner Gerald Cornelius Eldridge is competent to be executed. Two additional days of the hearing are scheduled later this month. Before the hearing, and in accordance with a scheduling order, the parties submitted witness lists and reports prepared by their experts. One of Eldridge's witnesses was Dr. Pradan A. Nathan, a psychiatrist who treated Eldridge. At the hearing, the petitioner called Dr. Nathan to testify about his treatment of Eldridge and the impressions he drew during the course of that treatment.

On April 24, 2012, the State filed an advisory informing the court that it intended to call Dr. Mark Moeller, a forensic psychiatrist, as a rebuttal witness to testify about some of the medical issues addressed in Dr. Nathan's testimony. The State characterized Dr. Moeller as a non-reporting expert under Rule 26 of the Federal Rules of Civil Procedure. Eldridge filed a motion to exclude Dr. Moeller's testimony on the ground that the State's designation of him was untimely and that no

report accompanied the designation. Eldridge argues that Dr. Moeller fits within the category of experts required to prepare a report.

Rule 26(a)(2)(D)(ii) of the Federal Rules of Civil Procedure requires a party to disclose within 30 days after the other party's disclosure the identity of an expert whose testimony "is intended solely to contradict or rebut evidence on the same subject matter identified by another party" in the other party's expert disclosure. Eldridge identified Dr. Nathan as a witness in its witness list filed on April 2, 2012. The State identified Dr. Moeller in an advisory filed 22 days later, on April 24, 2012. The disclosure is timely under Rule 26(a)(2)(D)(ii).

Eldridge is correct that Dr. Moeller is in the category of expert witnesses who must, under Rule 26(a)(2)(B), file an expert report. In the response to Eldridge's motion to exclude Dr. Moeller, filed on May 2, 2012, the State included an expert report by Dr. Moeller. The State has both identified a rebuttal expert witness and provided that witness's report within 30 days of Eldridge's disclosure of his intent to call Dr. Nathan as a witness. The petitioner's Motion To Exclude Respondent's Untimely Noticed Expert Witness (Docket Entry 249) is **DENIED**. Counsel are advised that Dr. Moeller's testimony will be limited to rebutting the evidence Eldridge presented.

SIGNED on May 7, 2012, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge