IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERALD CORNELIUS ELDRIDGE | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1847 |
| | § | |
| RICK THALER, Director, | § | |
| | § | |
| Texas Department of Criminal | § | |
| Justice-Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**ORDER DENYING PETITIONER'S MOTION
TO ALTER OR AMEND JUDGMENT**

On January 31, 2013, this court entered judgment and dismissed with prejudice Gerald Cornelius Eldridge's petition for a writ of habeas corpus. The petition alleged that Eldridge is incompetent to be executed. On February 28, 2013, Eldridge filed a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e). (Docket Entry 285).

A motion to alter or amend under Fed.R.Civ.P. 59(e) "must clearly establish either a manifest error of law or must present newly discovered evidence." *Schiller v. Physicians Resource Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted). "Relief under Rule 59(e) is also appropriate where there has been an intervening change in controlling law." *Id.* Eldridge cites no new evidence or change in controlling law. His motion asserts manifest errors of law and fact.

Eldridge's motion primarily highlights evidence that supports his claim and explains why this court's opinion failed to give due consideration to the evidence or properly interpret it. Eldridge

argues that the court did not give an adequate explanation for its findings that his expert witness was not credible and that the State's experts were credible in critical aspects.

The court reviewed the record and set out in detail, in a 38-page opinion, the facts leading to the conclusion that Eldridge is competent. The court carefully considered the appropriate weight to give to each piece of evidence. That determination was based on reviewing the record and placing each piece of evidence in the broader context of that record. It is not necessary to revisit that analysis. The memorandum and opinion sets out the basis for the findings and conclusions, with citations to the record.

Eldridge argues that the memorandum and opinion fails adequately to explain the court's credibility determinations. Those determinations were based on reviewing the record, including the answers to questions given by the witnesses, and on the court's direct observation of the witnesses's live testimony. As the finder of fact, the court was required "to weigh conflicting evidence and inferences, and determine the credibility of witnesses." *Roman v. Western Mfg., Inc.*, 691 F.3d 686, 692 (5th Cir. 2012) (internal quotation marks and citation omitted). The court explained its reasons for finding Eldridge's primary expert's opinions to lack credibility and reliability. The memorandum and opinion explains why the court found the State's experts more credible in critical areas than Eldridge's. While Eldridge presented substantial evidence supporting his claim of mental illness, the record also contained substantial evidence that Eldridge is feigning or exaggerating his symptoms and that he has a long history of doing so. Eldridge's expert's analysis failed to address the inconsistent evidence in the record. The State's experts did not ignore inconsistent information.

2

One of Eldridge's claims of manifest error requires a direct response. This court stated that Eldridge had no history of mental illness before his arrest for capital murder. Eldridge points to testimony by his mother at his trial and at the *Atkins* hearing, but not in the competency hearing, that she asked him to see a psychiatrist and that Eldridge complained several months before the murders about a noise that would not go away. Eldridge's father, testifying at trial, stated that during Eldridge's childhood, his stepmother feared that he was disturbed. But this testimony provides little evidence that Eldridge suffered from mental illness as a child. Eldridge points to no childhood diagnosis of mental illness. The record from the *Atkins* hearing contains evidence that Eldridge functioned within normal limits during his childhood.

Eldridge's mother's testimony is uncorroborated. After Eldridge's alleged complaint about noise, he was found competent to stand trial. Dr. Edward Silverman, who evaluated Eldridge for competency to stand trial, believed that he was malingering. This court's statement that there is documented basis to find mental illness before Eldridge's arrest for capital murder is consistent with the scant evidence of any early signs of mental illness and the questionable reliability of such evidence. This argument does not show manifest error justifying relief.

What Eldridge calls manifest error appears to be vigorous disagreement over how the evidence should be weighed, how the evidence and law should be interpreted, and what the credibility determinations should be. Eldridge's disagreements with this court's interpretation of the evidence, relevant law, and the application of that law to the facts of this case, are appropriately pursued on appeal, but such disagreements do not establish manifest error. Eldridge is not entitled to the relief he seeks in this motion or to a certificate of appealability from this Order. *See Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000).

3

The petitioner's Motion To Alter Or Amend Judgment (Docket Entry 285) is denied, and no certificate of appealability is issued.

SIGNED on June 28, 2013, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge