UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **GERALD CORNELIUS ELDRIDGE,** § | | |
| Petitioner § | | |
| § | | |
| V. § | | CIVIL ACTION NO. H-05-1847 |
| § | | |
| **WILLIAM STEPHENS, Director,** § | | |
| Texas Department of Criminal § | | |
| Justice, Correctional Institutions Division, § | | |
| Respondent. § | | |

**PETITIONER'S MOTION TO REOPEN THE JUDGMENT
DUE TO MISTAKE**

On June 26, 2013, two days before this Court issued its ruling denying Petitioner Gerald Cornelius Eldridge's Motion to Alter or Amend the Judgment, Mr. Eldridge filed a supplement to his Rule 59(e) Motion. *See* DE 290. The supplement contained extensive and compelling new evidence that did not exist at the time Mr. Eldridge filed his Rule 59(e) Motion. The new evidence supports Mr. Eldridge's contention in his Rule 59(e) Motion that the Court made manifest errors of fact and law in denying his claim that he is incompetent to be executed.

Despite the presentation of powerful new evidence that TDCJ medical treatment professionals had recently increased Mr. Eldridge's daily dosage of antipsychotic medication, this Court denied his Rule 59(e) Motion, expressly finding that Mr. Eldridge "cites no new evidence." DE 291 at 1. The Court's order makes no mention of Mr. Eldridge's supplement or his exhibit containing 45 pages of additional medical records.

Mr. Eldridge asks this Court to reopen the judgment, pursuant to Rule 60(b). The purpose of a Rule 60(b) motion is to permit the trial judge to "correct obvious errors or injustices

and so perhaps obviate the laborious process of appeal." *Fackelman v. Bell*, 564 F.2d 734, 735 (5th Cir. 1977). Rule 60(b) provides, in relevant part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." F. R. Civ. P. 60(b)(1). The Fifth Circuit has recognized that "a primary purpose of this motion is to give the trial court the opportunity to correct its ***own*** mistake." *Id.* at 735 n.1 (emphasis added). By allowing a district court to correct its own obvious errors, Rule 60(b)(1) enables a court to avoid wasting judicial energy expended in "engag[ing] the machinery of appeal." *Id.* at 736.

To prevent the unnecessary wasting of energies by both the appellate court and the litigants, this Court should act before the deadline for filing a Notice of Appeal, because "a perfected appeal divests the district court of jurisdiction." *Winchester v. United States Atty. for S.D. of Tex.*, 68 F.3d 947, 950 (5th Cir. 1995). Once a Notice of Appeal has been filed, a district court may consider or deny a Rule 60(b) motion, but it no longer has jurisdiction to grant such a motion while the appeal is pending. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004). Under these circumstances, if a district court is inclined to grant the Rule 60(b) motion, then the appellant should seek a remand from the Court of Appeals so that the district court may grant the motion. *Winchester*, 68 F.3d at 949.

Rule 60(b)(1) relief is appropriate here. This Court's error is obvious and substantive. Mr. Eldridge makes this motion one business day after the entry of the order denying the Rule 59(e) Motion – well before the deadline for filing a Notice of Appeal. Because of Mr. Eldridge's diligence, the State will suffer no serious injury. Finally, this Court retains jurisdiction to correct its error.

ACCORDINGLY, to save judicial energies, time, and expense, this Court should immediately reopen the judgment, correct its mistake, and grant relief on Mr. Eldridge's *Ford* claim.

                                        Respectfully Submitted,

                                        / s /  Gregory W. Wiercioch

Gregory W. Wiercioch
Texas Bar No. 00791925
University of Wisconsin Law School
975 Bascom Mall
Madison, Wisconsin 93706
(Tel) 608-263-1388
(Fax) 608-262-5485

Lee Wilson
Texas Bar No. 21704200
P.O. Box 52447
1314 Texas Avenue, Suite 610
Houston, Texas 77052-2447
(Tel) 713-223-6870
(Fax) 713-223-9248

Counsel for Gerald Cornelius Eldridge

### CERTIFICATE OF SERVICE

I certify that on July 1, 2013, I electronically filed the foregoing pleading with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system. A "Notice of Electronic Filing" was sent to Counsel for Respondent at the following e-mail address:

Georgette P. Oden
Georgette.Oden@oag.state.tx.us

                                                    / s /  Gregory W. Wiercioch