IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERALD CORNELIUS ELDRIDGE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1847 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice-Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**ORDER DENYING PETITIONER'S MOTION TO REOPEN JUDGMENT**

On January 31, 2013, this court entered judgment for the respondent and dismissed Gerald Cornelius Eldridge's petition for a writ of habeas corpus, finding that Eldridge is incompetent to be executed. On June 28, 2013, this court denied Eldridge's motion to alter or amend the judgment under Fed.R.Civ.P. 59(e). Two days before the court denied the Rule 59(e) motion, Eldridge filed additional documentary evidence in support of his claim that he is incompetent to be executed. On July 1, 2013, he filed a motion to reopen the judgment in light of that new evidence, pointing out that the court had issued the opinion without taking the additional evidence, filed two days earlier, into account. (Docket Entry No. 292). Having now carefully reviewed that additional evidence, this court finds and concludes that it does not alter the analysis or the outcome.

Eldridge's newly submitted evidence includes additional complaints by Eldridge that he is hearing voices and more recent diagnoses of schizophrenia by some mental-health professionals. Eldridge's prescribed dosage of Thiothixene, an antipsychotic medication, has been increased.

The newly submitted evidence is similar to the testimony and evidence presented at the evidentiary hearings and the voluminous records the court examined. That evidence included that Eldridge was complaining about hearing voices, experiencing other symptoms of mental illness, and receiving antipsychotic medication. That evidence included diagnoses of schizophrenia. Both the newly submitted evidence and the earlier evidence are primarily composed of, or based on, Eldridge's self-reporting of various symptoms. Neither the evidence previously submitted nor the newly submitted evidence is a credible or reliable basis to find Eldridge incompetent to be executed.

Although the evidence presented at the hearing and in the more recent submission includes evidence of symptoms of mental illness, it is well recognized that mental illness does not by itself require a finding of incompetence to be executed. A prisoner is incompetent to be executed only when his "mental illness prevents him from comprehending the reasons for the penalty or its implications." *Ford v. Wainwright*, 477 U.S. 399, 417 (1986). A prisoner must be able to understand "the fact of his impending execution and the factual predicate for the execution." *Panetti v. Quarterman*, 551 U.S. 930, 942, 954-55 (2007) (internal quotation marks and citations omitted). A prisoner can be diagnosed as having mental illness and still be competent to be executed.

Eldridge has a long and well-documented history of both feigning and exaggerating symptoms of mental illness and mental retardation. The expert evidence on his symptoms and diagnosis is conflicting. This court found, and continues to find after reviewing the newly submitted evidence, that the testimony, records, and expert opinions showing that Eldridge understands that he will be executed because he killed two people are more reliable and more credible than the evidence Eldridge relies on to argue that the nature and extent of his mental illness makes him incompetent. This court found that the State's expert testimony and evidence was far more credible,

reliable, and accurate than the petitioner's. This court resolved the conflicts in the evidence based on the most reliable and credible testimony and the extensive documents submitted. The resolution of those conflicts led to the conclusion that Eldridge is competent to be executed. There was evidence, and expert opinion based on that evidence, that amply supported the conclusion. *See Panetti v. Stephens*, No. 08-70016, slip op. at 20 (5th Cir. Aug. 21, 2013).

The newly submitted evidence, considered with the record submitted earlier, fails to demonstrate that Eldridge is incompetent to be executed. The Motion To Reopen Judgment, (Docket Entry No. 290), is denied.

SIGNED on August 28, 2013, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge