IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | |
|---|---|
| GERALD ELDRIDGE § § Petitioner, § § v. § § LORIE DAVIS, Director § Texas Department of Criminal Justice, § Institutional Division § § Respondent. § | CIVIL ACTION NO. H-05-1847 (Capital Case) |

**PETITIONER'S UNOPPOSED MOTION
TO SUBSTITUTE COUNSEL CALLIE HELLER WITH
THE FEDERAL PUBLIC DEFENDER FOR THE NORTHERN DISTRICT OF TEXAS**

Petitioner, Gerald C. Eldridge, by undersigned counsel, respectfully requests that the Court grant his motion to substitute present counsel Callie Heller with the Capital Habeas Unit of the Office of the Federal Public Defender for the Northern District of Texas ("FDO").[1] This Motion is submitted by undersigned counsel Lee Kovarsky, who the Fifth Circuit appointed to replace Gregory Wiercioch as counsel for Mr. Eldridge.[2] (Currently, Wiercioch remains listed as counsel of record in this Court.)

Mr. Eldridge, who is under a sentence of death, first filed his habeas petition on May 23, 2005. ECF 1. He filed an amended petition on May 26, 2006. ECF 11. On November 16, 2009, in

---

[1] This Court's docket also lists Lee Wilson as appointed counsel under 18 U.S.C. § 3599. The Fifth Circuit, however, ordered that Wilson be replaced by Callie Heller. Order, *Eldridge v. Davis*, No. 13-70023 (5th Cir. Nov. 23, 2016) (attached as Exhibit B). The Fifth Circuit appointment effectuates appointment in this Court. *See Wilkins v. Davis*, 832 F.3d 547, 557 (5th Cir. 2016). As a result, this substitution motion is styled as one to substitute for Attorney Heller rather than for Attorney Wilson.
[2] In a contemporaneously filed Motion to Update the Docket to Reflect Substitution, Mr. Eldridge asks that this Court order the notation of the change based on the Fifth Circuit's prior order.

conjunction with a subsequent motion to stay his execution, Mr. Eldridge moved, under § 3599, that Lee Wilson be appointed in this matter. ECF 80. When it issued a stay the next day, this Court granted the § 3599 motion, appointing Attorney Wilson. ECF 84. On April 28, 2011, this Court granted a motion requesting that Gregory Wiercioch also be appointed under § 3599, and that the appointment be retroactive to November 24, 2009. ECF 149.

This Court eventually had a hearing in which it entertained Mr. Eldridge's claim that, under *Ford v. Wainwright*, 477 U.S. 399 (2020), he was ineligible for execution because he was not competent. It ultimately denied *Ford* relief on January 31, 2013. ECF 282. It also denied a certificate of appealability in the same order. ECF 282. Mr. Eldridge filed a timely notice of appeal on July 24, 2013. ECF 293.

On the same day that the Fifth Circuit docketed the appeal, it appointed Attorneys Wilson and Wiercioch as appellate counsel under § 3599. Two months later, the appeals court ordered that Attorney Kovarsky substitute for Attorney Wiercioch, who could no longer serve as a § 3599 appointee because he had taken a position as a clinical professor at the University of Wisconsin. Order, *Eldridge v. Stephens*, No. 13-70023 (5th Cir. Sept. 9, 2013) (attached as Exhibit A). That appointment is effective in this Court as well, which is why Mr. Eldridge contemporaneously filed the Motion to Update the Docket To Reflect the Substitution of Lee Kovarsky for Greg Wiercioch, rather than an original motion to substitute. *See Wilkins v. Davis*, 832 F.3d 547, 557 (5th Cir. 2016) (agreeing that once appeals court appoints counsel under § 3599, that lawyer is "authorized—and, indeed, obligated—to continue representing him in subsequent federal and state proceedings until relieved by court order"). Attorney Kovarsky served as lead counsel in the Fifth Circuit and Supreme Court proceedings and continues to represent Mr. Eldridge.

After Fifth Circuit proceedings concluded, but before Mr. Eldridge sought certiorari from the Supreme Court, Attorney Wilson had to withdraw. On November 23, 2016, Mr. Eldridge moved that Attorney Heller substitute for Attorney Wilson. Order, *Eldridge v. Davis*, No. 13-70023 (5th Cir. Nov. 23, 2016) (attached as Exhibit B). The Fifth Circuit ordered substitution that same day. Attorney Kovarsky directly supervised Attorney Heller, first at Texas Defender Service, then Phillips Black, Inc. ("Phillips Black"). Attorney Heller has since left Phillips Black to accept a position as a staff attorney at the American Bar Association Death Penalty Representation Project in Washington, D.C, where she is presently employed. In this role, she is prohibited from providing direct representation to clients or practicing law outside of the organization. She is therefore unable to continue serving as co-counsel for Mr. Eldridge.

Mr. Eldridge continues to require two counsel to partner in his representation. The Guide to Judiciary Policy states that, "[d]ue to the complex, demanding, and protracted nature of death penalty proceedings, judicial officers should consider appointing at least two attorneys." Guide to Judiciary Policy, Guidelines for Administering the CJA and Related Statutes, Vol. 7A § 620.10.20; 18 U.S.C. § 3599(a)(2). Moreover, "each attorney so appointed" shall continue his representation "throughout every subsequent stage of judicial proceedings," unless and until the attorney is replaced by similarly qualified counsel. 18 U.S.C. § 3599(e).

Undersigned counsel has confirmed with Jeremy Schepers, the supervising attorney of the Capital Habeas Unit at the FDO, that its attorneys are able and willing to assist as co-counsel for Mr. Eldridge. Attorney Schepers and other attorneys at the FDO intend to fulfill Mr. Eldridge's rights continuous representation rights throughout all available remaining postconviction process as co-counsel with Attorney Kovarsky. *See Harbison v. Bell*, 556 U.S. 180, 186-87 (2009) (holding that § 3599(e) affords a right to federally appointed counsel to represent a death-sentenced prisoner

in state clemency proceedings); *Battaglia v. Stephens*, 824 F.3d 470, 474 (5th Cir. 2016) (interpreting *Harbison* to reach state competency proceedings). Furthermore, because the FDO is independently funded, it will not seek funding for FDO attorney time, other FDO personnel time, or for any expert or investigatory expenses. The contact information for the FDO is:

>Jason D. Hawkins
>Federal Public Defender
>Northern District of Texas
>525 Griffin Street, Suite 629
>Dallas, Texas 75202
>214.767.2746
>214.767.2886 fax
>Jason_Hawkins@fd.org

>And:

>Jeremy Schepers
>Supervisor, Capital Habeas Unit
>Northern District of Texas
>525 Griffin Street, Suite 629
>Dallas, Texas 75202
>214.767.2746
>214.767.2886 fax
>Jeremy_Schepers@fd.org

FOR THESE REASONS, Mr. Eldridge respectfully requests that the Court order that the FDO substitute for Attorney Heller as co-counsel with Attorney Kovarsky in this matter, and relieve Heller of any further responsibilities under § 3599.

>Respectfully submitted,
>
>/s/ Lee B. Kovarsky
>LEE B. KOVARSKY
>Phillips Black, Inc.
>Texas Bar No. 24053310
>500 West Baltimore, Room 436
>Baltimore, Maryland 21201
>434-466-8257
>l.kovarsky@phillipsblack.org

## CERTIFICATE OF CONFERENCE

I certify that on May 18, 2020, I conferred with counsel for Respondent, the Attorney General's Office, concerning this motion. Counsel stated that he does not oppose the Court granting the requested relief.

>/s/ Lee B. Kovarsky
>LEE B. KOVARSKY
>Phillips Black, Inc.
>Texas Bar No. 24053310
>500 West Baltimore, Room 436
>Baltimore, Maryland 21201
>434-466-8257
>l.kovarsky@phillipsblack.org

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2020, a true and correct copy of the foregoing Notice has been served by CM/ECF upon counsel for Respondent:

>Fredericka Sargent
>Office of the Attorney General
>300 W 15th St
>8th Floor
>Austin, TX 78701
>512-936-1400
>Fax: 512-320-8132
>Email: fredericka.sargent@oag.texas.gov

Out of an abundance of caution, and because the Director's designated recipient of service might have changed from what is currently reflected on the docket, a true and correct copy of the foregoing Notice has also been served via email on the supervisor of the Capital Post-Conviction Litigation at the Attorney General's Office:

>Edward Marshall
>Chief, Criminal Appeals Division
>Office of the Attorney General
>P.O. Box 12548, Capitol Station
>Austin, Texas 78711-2548
>Edward.Marshall@oag.texas.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | |
|---|---|
| GERALD ELDRIDGE § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> LORIE DAVIS, Director § <br> Texas Department of Criminal Justice, § <br> Institutional Division § <br> § <br> Respondent. § | CIVIL ACTION NO. 4:05-CV-1847 <br> (Capital Case) |

**ORDER**

This Court has before it Petitioner's Motion, under 18 U.S.C. § 3599(e), to Substitute Counsel Callie Heller with the Federal Public Defender for the Northern District of Texas. Because the Fifth Circuit had ordered Attorney Heller to substitute for Attorney Lee Wilson, and because that substitution had not been in this Court, this Court's docket currently lists Attorney Wilson as a § 3599 appointee. In order to effectuate the relief ordered in this motion—the substitution of the FDO for Attorney Heller—Attorney Wilson is to be delisted as counsel of record and the FDO is to be appointed in his place.

IT IS SO ORDERED.

Signed this \_\_\_\_ day of _____, 2020.

_____
HON. LEE ROSENTHAL
UNITED STATES DISTRICT JUDGE